627 So.2d 1279 (1993)
Mark Joseph WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1936.
District Court of Appeal of Florida, First District.
December 9, 1993.
*1280 Nancy A. Daniels, Public Defender, Josephine L. Holland, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Mark Joseph Williams appeals his judgment and sentence for lewd, lascivious or indecent assault upon a child under sixteen years of age. We reverse and remand with directions.
At the time of the incident, Williams lived on the same street as K.S., the six year old victim. K.S. and her younger brother frequently visited Williams' house to play with his dog. In July 1991, K.S. reported to her father that Williams "made milk come out of his pee-pee." K.S.'s father telephoned the police. According to Detective Coxen, K.S. said she had been in Williams' bedroom. Williams made her hold his penis, move her hand back and forth, and use a vibrator on him. K.S. also repeated her description of Williams' ejaculation. Williams was arrested and charged by information with lewd, lascivious or indecent assault upon a child under sixteen years of age. § 800.04, Fla. Stat. (Supp. 1990).
Six days prior to trial, the state filed several notices of hearsay evidence indicating that it intended to introduce hearsay testimony concerning statements made by K.S. to three state's witnesses.[1] Section 90.803(23)(b), Florida Statutes provides the notice of intent to offer a child victim's hearsay statement must be received by the defendant ten days prior to trial. Since Williams did not receive this notice ten days prior to trial, the trial court conducted a Richardson-type hearing[2] to determine whether Williams was prejudiced. Distefano v. State, 526 So.2d 110, 114 (Fla. 1st DCA 1988). This hearing was conducted two days after jury selection and immediately prior to the time scheduled for opening statements. The trial court determined that Williams was not prejudiced because defense counsel had deposed the hearsay witnesses who discussed the incident during their depositions.
During the hearsay admissibility hearing, section 90.803(23)(a), Florida Statutes, the trial court considered the deposition testimony of the three witnesses and ruled that Williams could only present live testimony upon a showing of conflict with the depositions. At the end of the hearing, the trial court decided the hearsay statements sufficiently met the necessary indicia of reliability. The case proceeded to trial.
Over defense objection, Detective Coxen was allowed to tell the jury that he was convinced K.S. knew the difference between the truth and a lie.
At the charge conference the trial court denied Williams' request for instructions on two lesser included offenses, unnatural and lascivious act, section 800.02, Florida Statutes, and exposure of sexual organs, section 800.03, Florida Statutes.
The jury found Williams guilty as charged. On May 22, 1992, the trial court placed Williams on probation for seven years followed by five years of administrative probation.
The case must be retried because the trial court erred in refusing to instruct the jury on the category two offense of unnatural and lascivious act. When deciding whether an instruction for a category two offense is necessary, a trial judge must "analyze the information or indictment and the proof to determine if elements of category 2 crimes may have been alleged and proved." State v. Wimberly, 498 So.2d 929 (Fla. 1986), quoting, Fla.Std. Jury Instr. (Crim.) Notes (2d ed.). *1281 In the instant case, the trial court conducted no such analysis. Instead, the trial court denied the requested instruction, reasoning that section 800.04[3] addresses and includes section 800.02[4]. Since the defense did not dispute the victim's age, the judge decided an instruction on the lesser offense (which does not contain the under sixteen years old requirement) would be improper.
An analysis of the information and the evidence indicates that an unnatural and lascivious act was charged and proven. The information "charges that MARK JOSEPH WILLIAMS ... did handle, fondle, or make an assault upon [K.S.], a child under 16 years of age, in a lewd, lascivious, or indecent manner, to-wit: forcing the victim to touch his penis and masturbating in the presence of the victim... ." At trial K.S. testified that Williams "[m]ade me hold his pee-pee, and then he made me put this white thing on it." K.S. also testified that "white stuff" came out of his pee-pee.
The fact that there is no dispute that K.S. was under sixteen years old at the time of the incident does not eliminate the necessity of instructing the jury as to the lesser included offense of unnatural and lascivious act. In State v. Wimberly, 498 So.2d 929 (Fla. 1986), the supreme court affirmed this court's decision that the trial court was required to give an instruction on the necessarily lesser included offense of simple battery where the defendant was charged with battery of a law enforcement officer even though the evidence showed that the simple battery could not have been committed without also committing battery of a law enforcement officer. Similarly, in Wilcott v. State, 509 So.2d 261 (Fla. 1987), the supreme court held that Wilcott, charged with introducing or possessing contraband upon the grounds of a state correctional institution, was entitled to a jury instruction on the permissive lesser included offense of possession of less than twenty grams of cannabis. Under these cases Williams has made a sufficient showing to require an instruction on the permissive lesser included offense of unnatural and lascivious act.
The trial court properly refused to instruct on exposure of sexual organs. The evidence does not support such an instruction. Section 800.03, Florida Statutes, prohibits exposure of sexual organs "in any public place or on the private premises of another, or so near thereto as to be seen from such private premises." The incident in the instant case does not satisfy this requirement as it occurred in Williams' home.
On remand the judge must hold a new hearing on the 90.803(23) issue if the state intends to introduce the hearsay statements. The prosecution should give Williams the proper notice pursuant to section 90.803(23), Florida Statutes. In conducting the hearing, the trial court should allow Williams (and the state) to present live testimony since the demeanor of the witnesses may be crucial in determining whether the time, content, and circumstances of the statement provide sufficient safeguards of reliability. If the case proceeds to trial, Detective Coxen may not testify before the jury that K.S. knew the difference between the truth and a lie. Tingle v. State, 536 So.2d 202 *1282 (Fla. 1988); Reyes v. State, 580 So.2d 309 (Fla. 3d DCA 1991).
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and MINER, JJ., concur.
NOTES
[1] K.S. spoke to her father's live-in girlfriend, as well as her father and Detective Coxen, about the incident.
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[3] Section 800.04 provides:

Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
[4] Section 800.02 provides:

Whoever commits any unnatural and lascivious act with another person shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.