898 So.2d 260 (2005)
Cowboy SHERRER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5532.
District Court of Appeal of Florida, First District.
March 17, 2005.
Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.
*261 Charles J. Crist, Jr., Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Cowboy Sherrer, was convicted of lewd and lascivious molestation pursuant to section 800.04(5), Florida Statutes (2002). He contends on appeal that (I) the trial court erred by refusing to give a jury instruction on the lesser-included offense of unnatural and lascivious act, pursuant to section 800.02, Florida Statutes (2002), and (II) trial counsel provided ineffective assistance on the face of the record by failing to object to the testimony of the child victim's mother on the basis of hearsay under section 90.803(23), Florida Statutes (2002). We conclude that the error in Issue I was harmless, and affirm Issue II without comment.
Contrary to the trial court's ruling, unnatural and lascivious act is a permissive lesser-included offense of lewd and lascivious molestation. See, e.g., Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993); Lowman v. Moore, 744 So.2d 1210 (Fla. 2d DCA 1999); Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989) (on reh'g); Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses § 800.04 (July 1998). The state claims this authority is no longer applicable, because section 800.04 was significantly amended in 1999, and is intended to encompass virtually all sexual crimes against children aside from sexual battery, and thus section 800.02 should not apply when the victim is a child. This argument has no support in the text of the statutes. Section 800.04 addressed sex acts against children before 1999 and the courts still concluded that section 800.02 was a lesser-included offense of section 800.04. The information against Sherrer and the proof against him charged and proved a violation of section 800.02, and thus the trial court erred in failing to give the requested instruction.
The trial court's error was nevertheless harmless, because the court did instruct the jury on simple battery as a lesser-included offense.[1]See Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000). See also State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978) (deciding that when a defendant is charged with offense "A" and the jury is instructed on "A" and "B," a lesser-included offense one step removed from "A," but is not instructed on "C," which is two steps removed, and the jury convicts the accused of "A," then failure to instruct on "C" is harmless). The schedule of offenses shows there are no category-1, necessary lesser-included offenses of lewd and lascivious assault, and there are four category-2, permissive lesser-included offenses: attempt, assault, battery, and unnatural and lascivious act. Lewd and lascivious molestation is a first-degree felony, simple battery is a first-degree misdemeanor, and unnatural and lascivious act is a second-degree misdemeanor. The jury could have "pardoned" Sherrer by convicting him of misdemeanor battery based upon evidence showing that he had intentionally touched B.O. against her will, but it instead convicted him of first-degree felony molestation.
The determination of harmful error regarding omitted jury instructions on a lesser offense is not "merely a matter of number or degree." Instead, it turns in part upon whether "the jury is given a fair opportunity to exercise its inherent `pardon' power by returning a verdict of *262 guilty as to" an offense between the primary offense and the omitted offense.
Fernandez v. State, 570 So.2d 1008, 1011 (Fla. 2d DCA 1990) (citations omitted). Battery provided the intervening step between molestation and unnatural act, and thus the court's failure to instruct on unnatural act was, under the circumstances, harmless.
AFFIRMED.
ERVIN, KAHN and BENTON, JJ., concur.
NOTES
[1] First-degree misdemeanor battery is a lesser-included offense of lewd and lascivious molestation. Belser v. State, 854 So.2d 223 (Fla. 1st DCA 2003); Cook v. State, 736 So.2d 739 (Fla. 5th DCA 1999); Biles v. State, 700 So.2d 166 (Fla. 4th DCA 1997).