PER CURIAM.
Deangelo Horn, Appellant, was convicted of sexual battery and attempted lewd or *2 lascivious molestation, both against a victim under the age of twelve by a defendant at least eighteen years old. He appeals from the judgment and sentence, raising two arguments: (1) that his separate convictions for sexual battery and attempted lewd or lascivious molestation violate his right to be free of double jeopardy and (2) that the trial court reversibly erred in refusing his request for an instruction on unnatural and lascivious act as a lesser-included offense of the charged crime of lewd or lascivious molestation. Because the charges encompassed two distinct acts under this Court’s reasoning in Roberts v. State, 39 So.3d 372 (Fla. 1st DCA 2010), we reject the first argument without further discussion and affirm Appellant’s conviction and sentence for sexual battery. For the reasons explained below, we agree with Appellant’s second argument and, accordingly, reverse and remand for a new trial on attempted lewd or lascivious molestation.
The State presented evidence that Appellant placed his head between the victim’s exposed breasts during the same criminal episode as the sexual battery. The alleged touching of the victim’s breasts was the basis for the charge of lewd or lascivious molestation. As to this charge, Appellant requested the instruction on unnatural and lascivious act as a permissive lesser-included offense. The trial court denied this request and, as to count two, instructed the jury only on the charged offense and attempt. The jury returned a verdict for attempt.
Upon request, a trial court is required to instruct the jury on a permissive lesser-included offense if two conditions are met: “(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements.” Khianthalat v. State, 974 So.2d 359, 361 (Fla.2008). Stated another way, a permissive lesser-included offense exists when “the two offenses appear to be separate on the face of the statutes, but the facts alleged in the accusatory pleadings are such that the lesser included offenses cannot help but be perpetrated once the greater offense has been.” Anderson v. State, 70 So.3d 611, 613 (Fla. 1st DCA 2011) (quoting Williams v. State, 957 So.2d 595, 598 (Fla.2007)) (citations, internal quotation marks, and brackets omitted). An instruction on such an offense must be given even when there is ample evidence of the charged offense. Clark v. State, 43 So.3d 814, 817 (Fla. 1st DCA 2010).
Along with attempt, assault, and battery, the offense of unnatural and lascivious act is a permissive lesser-included offense of lewd or lascivious molestation. Sherrer v. State, 898 So.2d 260, 261 (Fla. 1st DCA 2005); Fla. Std. Jury Instr. (Crim.) 11.8. In Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993), this Court found error in the refusal to instruct the jury on this offense under circumstances not materially distinguishable from the instant case. There, an adult male made a six-year-old female “hold his penis, move her hand back and forth, and use a vibrator on him.” 627 So.2d at 1280. This Court held that these facts satisfied the definition of unnatural and lascivious act. Id. As a result, the trial court was required to give that instruction, even though the defendant could not have committed this offense without also committing the greater offense of lewd, lascivious, or indecent assault. Id. at 1281. Williams requires us to hold that the trial court erred in refusing the requested instruction in the instant case.
Whether the error was harmless turns on whether the jury was given a fair *3 opportunity to exercise its inherent pardon power by returning a verdict of guilty as to the lesser-included offense immediately below the offense for which Appellant was convicted. See Pena v. State, 901 So.2d 781, 787 (Fla.2005); Fernandez v. State, 570 So.2d 1008, 1011 (Fla. 2d DCA 1990). Because the trial court did not instruct the jury on any lesser-included offenses below the crime of which Appellant was convicted, we cannot say beyond a reasonable doubt that the failure to instruct the jury on unnatural and lascivious act was harmless. See McKiver v. State, 55 So.3d 646, 648 (Fla. 1st DCA 2011). Accordingly, we reverse and remand for a new trial on attempted lewd or lascivious molestation, while affirming the uncontested conviction and sentence for sexual battery.
AFFIRMED in part; REVERSED in part; and REMANDED for a new trial.
VAN NORTWICK, CLARK, and RAY, JJ., concur.