PALMER,, J.
Italo Funiciello (the defendant) appeals his convictions' on two counts of lewd or lascivious battery. Determining that the trial court erred in failing to give a requested jury instruction on a permissive lesser-ineluded offense, we reverse.
The defendant was charged with two counts of lewd or lascivious battery.[1] The matter proceeded to trial, before a jury, and the jury found the defendant , guilty as charged. The trial court entered judgment in accordance with the jury’s verdict, and then sentenced the defendant to consecutive terms of eight years’ imprisonment. This appeal timely followed.
The defendant argues that the trial court reversibly erred by refusing his request for a, standard jury instruction on the category-two lesser-ineluded offense of unnatural and lascivious act. We agree.
“A trial court’s decision to give or withhold a proposed jury instruction is reviewed under the abuse of discretion standard of review.” Rodriguez v. State, 172 So.3d 540, 544 (Fla. 5th DCA 2015). The law applicable to category-two lesser-ineluded offenses is summarized as follows:
Unlike an instruction on a necessary or category one lesser which must be given upon request even if unsupported by the evidence, an instruction on a permissive lesser is only given when supported by the pleadings and evidence. See Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2006). In that regard, “[t]he trial court is given the discretion to ‘analyze the information or indictment and-the proof to determine if elements of category [two] crimeB may have been alleged and proved.”’ Cooper v. Stats, 512 So.2d 1071, 1072 (Fla. 1st DCA 1987) (quoting State v. Wimberly, 498 So.2d 929, 931 (Fla.1986)).
Wong. v. State, — So.3d — , 40 Fla. L. Weekly D2122, 2015 WL 5306154 (Fla. 2d DCA Sept. 11,2015).
The defendant was charged with two counts of lewd or lascivious battery; one count alleged digital penetration and the other alleged penile union or penetration with the 'Victim’s vagina. The statute reads, in relevant part, as follows:
800.04. Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age
[[Image here]]
(4) Lewd or lascivious battery.—
(a) A person commits lewd or lascivious battery by: .
•■1.-'.Engaging-in sexual activity with a person 12 years of age or older but less than 16 years of age....
§ 800.04(4)(a), Fla. Stat. (2011). The related standard jury instruction-reads:
11.10(a) LEWD OR LASCIVIOUS BATTERY
(ENGAGING IN SEXUAL ACTIVITY)
§ 800.04(4)(a)l, Fla. Stat,
To; prove the ,crime of Lewd or Lascivious Battery,, the State must prove the following two elements beyond a reasonable doubt: ’ ,
1. (Victim), was twelve years of age or older, but under the age of sixteen years. " ‘
2. (Defendant)-
*390 a. [committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ].]
b. [committed an act [upon] [with] (victim) in which the [anus] [vagina] of [ (victim) ] [ (defendant) ] was penetrated by an object.] The definition of “an object” includes a finger.
Definitions.
[[Image here]]
“An object” includes a finger.
“Union” means contact.
Fla. Std. Jury Instr. (Crim.) 11.10(a). Importantly, the standard jury instruction for lewd or lascivious battery expressly lists the crime of unnatural and lascivious act ■as a category-two lesser-included offense. That offense is defined as follows:
800.02. Unnatural and lascivious act
A person who commits any unnatural and lascivious act with another person commits a misdemeanor - of the second degree, punishable as provided in s. 775.082 or s. 775.083.
§ 800.02, Fla. Stat. (2011). The applicable standard jury instruction reads:
11.8 COMMITTING UNNATURAL AND LASCIVIOUS ACT
§ 800.02, Fla. Stat.
To prove the crime of Committing an Unnatural and Lascivious Act, the State must prove the following two elements beyond a reasonable doubt:
(Defendant) (copy from charge) with (person named in charge).
The act was unnatural and lascivious.
Definitions.
“Unnatural” means not in accordance with nature or with normal feelings or behavior.
“Lascivious” means a wicked, lustful or unchaste, licentious, or sensual intent on the part of the person doing an act.
Fla. Std. Jury Instr. (Crim.) 11.8.
Here, defense counsel requested a jury instruction on the offense of unnatural and lascivious act. The court stated that the instruction would not be given because “there might have been some evidence”, but the elements' were not set forth in the information. The defendant challenges this ruling, arguing that the issuance of an instruction on the offense of unnatural and lascivious act was warranted in this case because the information charged digital penetration and sexual intercourse between an adult male and a female child which are both unnatural and lascivious acts. The State responds by suggesting that the term “unnatural acts” applies only to alleged criminal acts “not otherwise specifically criminalized under the law” and, therefore, the issuance of the jury instruction for unnatural and lascivious act is not warranted in cases, like this one, where the defendant is charged with committing a designated criminalized sex offense.
In Horn v. State, 120 So.3d 1 (Fla. 1st DCA 2012), the defendant appealed his convictions for sexual battery and attempted lewd or lascivious molestation. Both crimes involved a victim under the age of twelve. He argued, inter alia, that the trial court reversibly erred in refusing his request for an instruction on the permissive lesser-included offense of unnatural and lascivious act. Citing to Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993), the Horn court held that the trial court erred in refusing the requested instruction.
In Williams, the defendant appealed his judgment and sentence for lewd, lascivious, or indecent assault upon a child under sixteen years of age. During the charge conference, the trial court denied the de *391 fendant’s request for an instruction on the permissive lesser-included offense of unnatural and lascivious act. The First District reversed, explaining:
The ease must be retried because the trial court erred in. refusing to instruct the jury on the category two offense of unnatural and lascivious act.
[[Image here]]
An analysis of the information and the evidence indicates that an unnatural and lascivious act was charged and proven. The information “charges that MARK JOSEPH WILLIAMS ... did handle, fondle, or make an assault upon [K.S.], a child under 16 years of age, in a lewd, lascivious, or indecent manner, to-wit: forcing the victim to touch his penis and masturbating in the presence of the victim. ...”
Williams v. State, 627 So.2d at 1280-81. This ruling refutes the State’s argument raised in this appeal that the term “unnatural” applies only to acts “not otherwise specifically criminalized under the law” since the Williams court required the issuance of the permissive lesser-included unnatural and lascivious act instruction in a lewd or lascivious assault ease.
In another First District case, Sherrer v. State, 898 So.2d 260 (Fla. 1st DCA 2005), the defendant was convicted of lewd or lascivious molestation. On appeal, he contended that the trial court erred by refusing to issue a jury instruction on the lesser-included offense of unnatural and lascivious act. The First District agreed, reasoning:
Contrary to the trial court’s ruling, unnatural and lascivious act is a permissive lesser-included offense of lewd and lascivious molestation. [Citations omitted.] The state claims this authority is no longer applicable, because section 800.04 was significantly amended in 1999, and is intended to encompass virtually all sexual crimes against children aside from sexual battery, and thus section 800.02 should not apply when the victim is a child. This argument has no support in the text of the statutes. Section 800.04 addressed sex acts against children before 1999 and the courts still concluded that section 800.02 was a lesser-included offense of section 800.04. The information against Sherrer and the proof against him charged and proved a violation of section 800.02, and thus the trial court erred in failing to give the requested instruction.
Id. at 261. Although the Sherrer court ultimately found the trial court’s error harmless because the court did instruct the jury on simple battery as a permissive lesser-included offense, the ruling is contrary to the State’s position that the term unnatural applies only to acts not otherwise specifically criminalized under the law.
We hold that the trial court reversibly erred in refusing to issue an instruction on the lesser-included offense of unnatural and lascivious act because digital penetration and sexual intercourse between an adult perpetrator and a child victim constitute unnatural and lascivious acts in that such conduct is not in accordance with nature or with normal feelings or behavior and are lustful acts performed with sensual intent on the part of the defendant.
The defendant also argues that the trial court committed fundamental error by failing to sua sponte instruct the jury on the limited purpose for admitting Williams rule evidence.[2] The State is correct in responding that the defendant has failed to sustain his burden of proving fundamental error since the record demonstrates that *392 the trial court advised defense counsel that 'an instruction would be given if requested, but defense counsel failed to make any such request. Nevertheless, trial courts should give the instruction in all cases involving Williams rule evidence, whether or not requested by defense counsel.
REVERSED and REMANDED.
ORFINGER and EVANDER, JJ., concur.

. § 800.04(4)(a), Fla. Stat. (2011).

. See Williams v. State, 110 So.2d 654 (Fla.1959).