DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONNIE J. KNIGHTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4630

[May 25, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin Lee Rosenberg, Judge; L.T. Case No. 11CF011008AMB.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Ronnie Knighton appeals his judgment and sentence for one count of lewd or lascivious battery. Knighton argues that the trial court reversibly erred by: (1) refusing his request for a jury instruction on the permissive lesser-included offense of unnatural and lascivious act; and (2) including his prior juvenile adjudications on the sentencing scoresheet. We agree with Knighton that the trial court erred by failing to give the requested lesser-included offense instruction and reverse.

Knighton was charged with one count of lewd or lascivious battery by an information specifically alleging penile union or penetration with the child victim's vagina. At trial, the State introduced paternity test results establishing that Knighton fathered a child with the victim and thus conclusively proved that Knighton committed the primary offense. During the charge conference, Knighton requested the jury be instructed on the lesser-included offense of unnatural and lascivious act. The State objected to the request, reasoning that there is nothing "unnatural" about traditional penile-vaginal intercourse. The trial court agreed with the State

and denied the request.  The jury found Knighton guilty as charged.

Following the jury verdict but before sentencing, Knighton moved to strike his prior juvenile dispositions from the sentencing scoresheet based on the supreme court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  The trial court denied the motion and sentenced Knighton to twelve years in prison, a sentence above the minimum mandatory but well within the statutory limits.  This appeal follows.

With respect to the jury instruction issue, "[a] trial court must instruct on necessarily lesser-included offenses and permissive lesser-included offenses *when supported by the evidence at trial*."  *Cartagena v. State*, 125 So. 3d 919, 921 (Fla. 4th DCA 2013) (emphasis added) (citing *State v. Wimberly*, 498 So. 2d 929, 932 (Fla. 1986)).  "When deciding whether an instruction for a category two offense is necessary, a trial judge must 'analyze the information or indictment and the proof to determine if elements of category [two] crimes may have been alleged and proved.'" *Williams v. State*, 627 So. 2d 1279, 1280 (Fla. 1st DCA 1993) (quoting *Wimberly*, 498 So. 2d at 931).

Here, Knighton was charged with lewd or lascivious battery pursuant to section 800.04, Florida Statutes.  § 800.04(4)(a)1., Fla. Stat. (2013) ("A person commits lewd or lascivious battery by . . . [e]ngaging in sexual activity with a person 12 years of age or older but less than 16 years of age . . . .").  Therefore, the salient questions in this case are: (1) whether Knighton committed an unnatural and lascivious act; and (2) if so, whether the offense of unnatural and lascivious act is a permissive lesser-included offense to lewd or lascivious battery.

In *Harris v. State*, 742 So. 2d 835 (Fla. 2d DCA 1999), the Second District held that a defendant charged with lewd or lascivious battery is not entitled to an instruction on the lesser-included offense of unnatural and lascivious act regardless of whether the offense is supported by the evidence at trial.  The court reasoned that the legislature must have "intended for section 800.02 [unnatural and lascivious act] to be applied to different factual situations than would fall under section 800.04 [lewd or lascivious battery].  The term 'unnatural' in 800.02 distinguishes 800.02 from 800.04, and implies something more than what is covered by 800.04."  *Id.* at 838.

Since the Second District's holding in *Harris*, however, the Fifth District revisited the exact same issue in *Funiciello v. State*, 179 So. 3d 388 (Fla. 5th DCA 2015).  There, the court held that a defendant charged with lewd or lascivious battery is entitled to an instruction on the lesser-included

2

offense of unnatural and lascivious act. *Id.* at 391. In so holding, the court emphasized that "the standard jury instruction for lewd or lascivious battery expressly lists the crime of unnatural and lascivious act as a category-two lesser-included offense." *Id.* at 390. *See also* Fla. Std. Jury Instr. (Crim.) 11.10(a). The court further conclusively held that "digital penetration and sexual intercourse *between an adult perpetrator and a child victim* constitute unnatural and lascivious acts in that such conduct is not in accordance with nature or with normal feelings or behavior and are lustful acts performed with sensual intent on the part of the defendant." *Funiciello*, 179 So. 3d at 391 (emphasis added).

We adopt the Fifth District's reasoning and hold that: (1) sexual intercourse between an adult and child constitutes an unnatural and lascivious act; and (2) the offense of unnatural and lascivious act is a permissible lesser-included offense to lewd or lascivious battery. Accordingly, as the information in this case specifically alleged that Knighton unlawfully engaged in sexual activity by having sexual intercourse with the child victim, the elements of unnatural and lascivious act were both alleged and proved at trial. Knighton, therefore, was entitled to an instruction on the lesser-included offense of unnatural and lascivious act. *See Funiciello*, 179 So. 3d at 391; *see also Reddick v. State*, 394 So. 2d 417, 418 (Fla. 1981) (holding that "failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible").

Lastly, although moot in light of our holding on the jury instruction issue, we further hold that the trial court did not err in including Knighton's prior juvenile dispositions on the sentencing scoresheet. *See Nichols v. State*, 910 So. 2d 863, 865 (Fla. 1st DCA 2005) (holding that a defendant's "prior juvenile dispositions are valid as prior criminal convictions because Florida's juvenile procedures are constitutionally sound"); Fla. R. Crim. P. 3.704(d)(14)(B) (expressly providing for the inclusion of juvenile dispositions on a sentencing scoresheet); *see also Cruz v. State*, 40 Fla. L. Weekly D1172, D1176 (Fla. 4th DCA May 20, 2015) (refusing to revisit pre-*Alleyne* cases because "the United States Supreme Court has yet to overrule the 'prior conviction' exception [and therefore] *Almendarez–Torres* is still binding precedent").

*Reversed and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*