IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DONALD VERNON KELLEY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1950

Opinion filed September 6, 2016.

An appeal from the Circuit Court for Okaloosa County.
Michael Flowers, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Assistant Attorney General, and Matthew Pavese, Assistant Attorney General, Tallahassee, for Appellee.

BEVERLY, THOMAS M., Associate Judge.

     Among a bevy of other offenses, the State charged Appellant with Lewd or Lascivious Battery (victim 12 or older, but less than 16) and two counts of Lewd or Lascivious Conduct (victim under 16).  At trial, Appellant requested the court

instruct the jury on the permissive lesser-included offense of Unnatural and Lascivious Act (Unnatural). The court declined; and it did not instruct the jury on any other lesser-included offense. Because the State's charging document alleged the statutory elements of the permissive lesser-included offense and the court did not instruct the jury on any other lesser-included offenses, we are constrained to find reversible error.

A trial court, if requested, must instruct a jury on a permissive lesser-included offense if "(1) the indictment or information . . . allege[s] all the statutory elements of the permissive lesser included offense; and (2) there [is] some evidence adduced at trial establishing all of these elements." Horn v. State, 120 So. 3d 1, 2 (Fla. 1st DCA 2012). Unnatural requires the State prove (1) the defendant did an act that (2) was unnatural and lascivious. See § 800.02, Fla. Stat.; Fla. St. Jury Instr. (Crim.) 11.8. Unnatural means "not in accordance with nature or with normal feelings or behavior." Fla. St. Jury Instr. (Crim.) 11.8.

In counts 2, 5, and 6 the State charged unlawful, intentional, lewd or lascivious sexual conduct (intercourse, oral sex, and touching) between a 58-year-old man and 12- or 13-year-old children victims. Adults having lascivious sexual interaction with children is simply not natural or in accord with normal feelings or behavior. See Horn, 120 So. 3d at 2; Williams v. State, 627 So. 2d 1279, 1280-81 (Fla. 1st DCA 1993); accord Knighton v. State, 193 So. 3d 115, 117 (Fla. 4th DCA

2

2016) (adopting the Fifth District's reasoning and finding "sexual intercourse between an adult and child constitutes an unnatural and lascivious act" sufficient to warrant the lesser included); Funiciello v. State, 179 So. 3d 388, 389 (Fla. 5th DCA 2015). Thus, the trial court erred by not instructing the jury because Appellant requested the instruction, the Information alleged the necessary elements by charging unlawful, lascivious, adult-child sexual interactions, and the facts at trial established the elements.[1]

Because the trial court did not instruct the jury on any other lesser-included offenses,[2] we cannot say beyond a reasonable doubt that the failure to instruct the jury on Unnatural was harmless. Compare Sherrer v. State, 898 So. 2d 260, 261-62 (Fla. 1st DCA 2005) (finding failure to give Unnatural instruction was harmless error because court instructed on battery—an intervening step between lewd and lascivious molestation and Unnatural), and Pryor v. State, 755 So. 2d 155, 156 (Fla. 4th DCA 2000) (finding failure to give Unnatural instruction was harmless error because court instructed jury on attempt, assault, and battery), with Horn, 120

---

[1] We are unpersuaded by the State's insistence the word "unnatural" must explicitly appear in an information or the act is not unnatural. It does not take an inference to conclude unlawful, lewd or lascivious, sexual interaction between a 58-year-old and a 12-year-old is not in accord normal human behavior. Compare State v. Von Deck, 607 So. 2d 1388, 1389-90 (Fla. 1992) (allegation of attempted premeditated murder by shooting does not—by itself—mean victim was put in fear).

[2] The crimes of lewd or lascivious battery and lewd or lascivious conduct have four lesser-included offenses: attempt, assault, battery, and unnatural and lascivious act. Fla. Std. Jury Instr. (Crim.) 11.10(a), (d).

So. 3d at 2-3 (explaining with no fair opportunity to exercise pardon power, the Court could not say beyond a reasonable doubt error was harmless), and McKiver v. State, 55 So. 3d 646, 650 (Fla. 1st DCA 2011).

Accordingly, we are constrained to find reversible error. We REVERSE Appellant's convictions and sentences as to *only* counts 2, 5, and 6, and REMAND for a new trial on those three counts. We reject Appellant's other argument on appeal without comment, and AFFIRM his convictions and sentences on every other count—including his life sentence.

AFFIRMED in part, REVERSED in part, and REMANDED for a new trial.

BILBREY and M.K. THOMAS, JJ., CONCUR.