# Supreme Court of Florida

_____

No. SC16-1426
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**RONNIE J. KNIGHTON,**
Respondent.

[February 1, 2018]

PER CURIAM.

The State of Florida seeks review of the decision of the Fourth District Court of Appeal in Knighton v. State, 193 So. 3d 115 (Fla. 4th DCA 2016), on the ground that it expressly and directly conflicts with the decision of the Second District Court of Appeal in Harris v. State, 742 So. 2d 835 (Fla. 2d DCA 1999), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

## FACTUAL AND PROCEDURAL BACKGROUND

Knighton was charged with one count of lewd or lascivious battery. Knighton, 193 So. 3d at 116. The information charged Knighton by specifically alleging penile union or penetration with the child victim's vagina. Id. "During

the charge conference, Knighton requested the jury be instructed on the lesser-included offense of unnatural and lascivious act.  The State objected to the request, reasoning that there is nothing 'unnatural' about traditional penile-vaginal intercourse."  Id.  The trial court denied Knighton's request and the jury ultimately convicted Knighton of lewd or lascivious battery.  Id.

The Fourth District reversed, explaining that Knighton was entitled to the unnatural and lascivious instruction because, agreeing with the Fifth District in Funiciello v. State, 179 So. 3d 388 (Fla. 5th DCA 2015), "digital penetration and sexual intercourse between an adult perpetrator and a child victim constitute unnatural and lascivious acts in that such conduct is not in accordance with nature or with normal feelings or behavior and are lustful acts performed with sensual intent on the part of the defendant."  Knighton, 193 So. 3d at 117 (emphasis omitted) (quoting Funiciello, 179 So. 3d at 391).  Because Knighton, an adult, engaged in sexual intercourse with a minor victim, the Fourth District found that he was entitled to the unnatural and lascivious instruction.  Id.  The State then sought review of the Fourth District's decision in Knighton in this Court, alleging conflict with Harris, 742 So. 2d 835.

In Harris, which also involved an adult perpetrator having sexual intercourse with a child victim, the Second District came to the opposite conclusion, holding that a defendant charged with lewd or lascivious battery is not entitled to an

instruction on unnatural and lascivious act where penile union with a child victim's vagina is alleged in the information, regardless of the evidence adduced at trial. 742 So. 2d at 838.  The Second District reasoned that "the legislature intended for section 800.02 [unnatural and lascivious act] to be applied to different factual situations than would fall under section 800.04 [lewd or lascivious battery].  The term 'unnatural' in 800.02 distinguishes 800.02 from 800.04, and implies something more than what is covered by 800.04."  Id.

This review follows.

## ANALYSIS

Because this matter involves a solely legal determination based on undisputed facts, our standard of review is de novo.  See Khianthalat v. State, 974 So. 2d 359, 360-61 (Fla. 2008); Williams v. State, 957 So. 2d 595, 598 (Fla. 2007).

At issue in this case is whether Knighton was entitled to an instruction on the permissive lesser included offense of unnatural and lascivious act.

> We begin by defining lesser included offenses.  Lesser included offenses fall into two categories: necessary and permissive. Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense.  State v. Paul, 934 So. 2d 1167, 1176 (Fla. 2006).  A permissive lesser included offense exists when "the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been."  State v. Weller, 590 So. 2d 923, 925 n.2 (Fla. 1991).

Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006) (alterations in original). We have

previously explained the circumstances under which a defendant is entitled to an

instruction on a permissive lesser included offense:

> Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements." We recently reiterated this longstanding rule by stating that "[a]n instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense."

Khianthalat, 974 So. 2d at 361 (citations omitted) (quoting Jones v. State, 666 So.

2d 960, 964 (Fla. 3d DCA 1996); Williams, 957 So. 2d at 599).

Knighton was charged with and convicted of lewd or lascivious battery

under section 800.04(4), Florida Statutes (2013). The standard jury instruction for

lewd or lascivious battery (engaging in sexual activity) reads as follows:

> To prove the crime of Lewd or Lascivious Battery, the State must prove the following two elements beyond a reasonable doubt:
>
> > 1. (Victim) was twelve years of age or older, but under the age of sixteen years.
> >
> > 2. (Defendant)
> >
> > > a. [committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]

> b. [committed an act [upon] [with] (victim) in which the [anus] [vagina] of [(victim)] [(defendant)] was penetrated by an object.] The definition of "an object" includes a finger.

Fla. Std. Jury Instr. (Crim.) 11.10(a). " 'Union' means contact." Id. Furthermore, " 'lewd' and 'lascivious' mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act." Fla. Std. Jury Instr. (Crim.) 11.10.

At trial, Knighton requested that the trial court instruct the jury on the permissive lesser included offense of unnatural and lascivious act under section 800.02, Florida Statutes (2013). The standard jury instruction for unnatural and lascivious act reads as follows:

> To prove the crime of Committing an Unnatural and Lascivious Act, the State must prove the following two elements beyond a reasonable doubt:
>
> 1. (Defendant) (copy from charge) with (person named in charge).
>
> 2. The act was unnatural and lascivious.
>
> Definitions.
>
> "Unnatural" means not in accordance with nature or with normal feelings or behavior.
>
> "Lascivious" means a wicked, lustful or unchaste, licentious, or sensual intent on the part of the person doing an act.

Fla. Std. Jury Instr. (Crim.) 11.8.

- 5 -

In addressing the question of whether "unnatural" in the unnatural and lascivious act instruction includes penile-vaginal sexual intercourse, we must look to the well-established rules of statutory interpretation.

> Statutory interpretation is a "holistic endeavor," and when engaged in the task of discerning the meaning of a statute, we " 'will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . .' " Adverting to our catalogue of rules of statutory construction,
>
>> [w]e are required to give effect to "every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage." Moreover, "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." "[R]elated statutory provisions must be read together to achieve a consistent whole, and . . . '[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.' "
>
> [see also] Goode v. State, 50 Fla. 45, 30 So. 461, 463 (1905) ("It is the general rule, in construing statutes, 'that construction is favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole. A construction which would leave without effect any part of the language used should be rejected, if an interpretation can be found which will give it effect.' ").

Quarantello v. Leroy, 977 So. 2d 648, 651-52 (Fla. 5th DCA 2008) (some citations omitted) (quoting United Sav. Ass'n v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988); Kokoszka v. Belford, 417 U.S. 642, 650 (1974); and Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 198-99 (Fla. 2007)).

Notably, the term "unnatural" in the unnatural and lascivious act instruction is separately defined from the term "lascivious," which distinguishes unnatural from lascivious. Therefore, the "unnatural" element of section 800.02 is what separates the crime of unnatural and lascivious act from the crime of lewd and lascivious battery under section 800.04(4). Thus, in reading sections 800.02 and 800.04(4) in a way that gives full effect to all statutory provisions, we conclude that the Legislature must have intended for the crime of unnatural and lascivious act under section 800.02 to be separate and distinct from the crime of lewd and lascivious battery under section 800.04(4).

The Fourth District's contrary conclusion below renders the crimes under sections 800.02 and 800.04(4) as identical crimes with differing penalties. In other words, the decision below results in one crime essentially subsuming the other—a result that clearly cannot stand when the two statutes are read and construed to give logical and orderly meaning to all sections. See Harris, 742 So. 2d at 838.

Moreover, as we previously stated in Wong v. State, 212 So. 3d 351 (Fla. 2017), in cases not involving penile-vaginal sexual intercourse, the instruction on unnatural or lascivious act is a permissive lesser included offense of lewd and lascivious battery. Id. at 361. We acknowledge that, historically, section 800.02 "has been applied to homosexual acts, bestiality, digital sex, and oral sex— anything other than adult male and female sexual intercourse." Harris, 742 So. 2d

at 838 (citing <u>Franklin v. State</u>, 257 So. 2d 21 (Fla. 1971); <u>Button v. State</u>, 641 So. 2d 106 (Fla. 2d DCA 1994); <u>Mohammed v. State</u>, 561 So. 2d 384 (Fla. 1st DCA 1990); <u>McGahee v. State</u>, 561 So. 2d 333 (Fla. 1st DCA 1990)).  Thus, we conclude that it was not error here for the trial court to decline to give the permissive lesser instruction of unnatural and lascivious acts.

## CONCLUSION

Therefore, we quash the decision of the Fourth District in <u>Knighton</u> and remand to the district court for any further proceedings consistent with this opinion.  Furthermore, we disapprove of the Second District's decision in <u>Harris</u>, to the extent that it conflicts with this opinion, and we approve of <u>Harris</u>, to the extent that it is consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fourth District - Case No. 4D13-4630

(Palm Beach County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Celia Terenzio, Bureau Chief, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, Florida,

for Petitioner

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida,

for Respondent