# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0607

_____

DONALD BRYAN MCKEE,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

November 13, 2024

KELSEY, J.

A jury convicted Appellant of lewd or lascivious molestation (victim under 12), and lewd or lascivious exhibition—violations of sections 800.04(5)(b) and 800.04(7)(b), Florida Statutes (2019), respectively. One of Appellant's previous convictions was for sexual battery. For the present convictions, he is serving a life sentence with a concurrent fifteen years. This is his direct appeal.

The information in this case alleged in count 1 that Appellant, age 64 to 65, forced or enticed the victim, a boy age 6 to 7, to touch Appellant's penis. Count 2 repeated the ages and genders, and alleged that Appellant masturbated or exposed himself in front of the boy. These acts occurred when Appellant took the victim on an

errand to the bank with him, where he lured the victim into his "secret place" formed by laying down the back seat of his car and getting into the trunk with the victim. The victim testified that Appellant's fly was unzipped, and his "private" was out. Appellant was "doing something" with it, which the victim thought was due to an itch on Appellant's back. The victim reached out to scratch Appellant's back, and Appellant turned so that the victim touched Appellant's penis instead. The victim's portrayal of these events remained consistent in talking with his mother, the police, a therapist, and the Child Protection Team (CPT) investigator; and in testifying at trial.

After this incident, Appellant began refusing to let the victim visit, and the victim's mother did not know why. Appellant also went to the victim's mother and told her, without elaboration, that she needed to keep the victim away from him. The victim and his mother soon moved away, and the victim disclosed the abuse to his mother over two years later.

Appellant did not testify at trial and did not present any witnesses. The video recording of the victim's CPT interview was played for the jury. The State adduced evidence at trial that Appellant actively sought out the victim's company and lavished attention on the victim. He took the victim to a men's get-together at his apartment complex, but would not let his own wife see the victim. He made cake for the victim multiple times. He gave the victim gifts including a water gun and remote-control cars. He engaged the victim in playing with water guns, Nerf guns, and RC cars. He took the victim to an ATM and to Wal-Mart.

In light of this evidence, an issue at trial was whether and to what extent the CPT forensic investigator who interviewed the victim could testify about "grooming" behavior. The trial court allowed the investigator to testify about what "grooming" behavior is, and that she used her knowledge to help her conduct victim interviews. The court precluded the investigator from testifying about her own conclusions as to whether Appellant groomed the victim for abuse.

Appellant asserts four arguments on appeal: (1) the CPT forensic interviewer improperly testified about what "grooming" is; (2) the trial court improperly refused to instruct the jury on

unnatural and lascivious act as a lesser-included offense; (3) the six-person jury was unconstitutional; and (4) a $100 cost of prosecution was imposed improperly because the State did not expressly request it. We affirm Appellant's judgment and sentence.

We reject Appellant's third and fourth arguments as meritless and contrary to our existing precedent. *See Jack v. State*, 349 So. 3d 925, 927 (Fla. 1st DCA 2022) (rejecting unpreserved argument that six-person jury was fundamental error); *Parks v. State*, 371 So. 3d 392, 392–94 (Fla. 1st DCA 2023) (differentiating section 928.27, subsection (8), Florida Statutes—which is mandatory without request—from subsection (1), which must be requested), *review granted*, SC2023-1355, 2024 WL 370043 (Fla. Jan. 31, 2024).

We likewise reject Appellant's first two arguments—involving "grooming" testimony and the lesser-included jury instruction—for the following reasons.

## "Grooming" Testimony

Appellant asserts two arguments against the admission of the CPT interviewer's testimony about grooming. First, he argues such testimony required expert, scientific qualifications and foundation. Second, he argues the testimony was more prejudicial than probative. We review this issue for abuse of discretion. *May v. State*, 326 So. 3d 188, 192–93 (Fla. 1st DCA 2021) (using abuse of discretion standard in scientific/expert testimony); *Floyd v. State*, 913 So. 2d 564, 575 (Fla. 2005) (using abuse of discretion standard to review the trial court's balancing of prejudice against probativeness).

**Qualifications.** We find no abuse of discretion in the court's permitting the CPT interviewer to give limited testimony defining grooming and giving examples of general behaviors that could constitute grooming. The record establishes that the interviewer was trained and educated as a trauma interviewer, and had eleven years' experience when she interviewed the victim. She testified she knew about "grooming behaviors"—and that her particular training and knowledge assisted her in conducting interviews, by helping her form and frame questions. Her testimony was

3

grounded in her own education, training, and experience. Appellant did not dispute the interviewer's qualifications to define grooming and to use her knowledge in determining how to conduct interviews.

The court exercised its discretion to draw a line there, not allowing the interviewer to testify to her opinion on the ultimate facts of whether Appellant groomed the victim or whether he did so in order to abuse the victim later. The court's ruling was not arbitrary, fanciful, or unreasonable; nor a line no reasonable jurist would adopt. It was not an abuse of discretion. *See Barnes v. State*, 303 So. 3d 275, 277 (Fla. 1st DCA 2020) (defining abuse of discretion). We express no opinion on whether the investigator could have been allowed to testify as to her opinion or conclusions—an issue not before us.

We find Appellant's authority inapposite. In *Almarales v. State*, 321 So. 3d 261 (Fla. 4th DCA 2021), the analysis turned on improper bolstering in closing argument. The opinion mentioned grooming only in passing, as an additional defense argument the court was rejecting. *Id.* at 262–66. The grooming discussion is thus dicta at best. Further, *Almarales* is factually different because that trial court had granted a pre-trial motion in limine excluding "grooming" testimony, but the prosecutor argued "normalizing" in closing argument. The appellate court declined to address the issue "because the defendant failed to preserve the issue with a timely objection." *Id.* at 266. Finally, the Kansas case cited in *Almarales* is inapposite. It held only that a prosecutor could not comment on "grooming" when no witness had defined grooming. *See State v. Akins*, 315 P.3d 868, 877–79 (Kan. 2014) (explaining that without an expert's even testifying to what grooming was, there was no evidence on which the prosecutor could comment in closing).

**Prejudice.** We reject Appellant's additional argument that the interviewer's testimony should have been excluded as unfairly prejudicial under section 90.403, Florida Statutes, because the testimony allowed the jury to jump to the conclusion that Appellant groomed the victim. Such exclusion "is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *Veach v.*

4

*State*, 254 So. 3d 624, 628 (Fla. 1st DCA 2018) (quoting *State v. Gerry*, 855 So. 2d 157, 163 (Fla. 5th DCA 2003)).

The testimony at issue was limited. The interviewer defined grooming, and listed some general grooming behaviors not specifically tied to Appellant and the victim: efforts to establish a relationship and friendship with a child and the child's family members, spending extra time with a child, and gift-giving. She explained that evidence of such behaviors was relevant to how she would interview the victim. But she was not permitted to testify that she believed grooming had occurred, nor to link grooming to Appellant or any of his actions (to which other witnesses testified). This was not a feature of the State's closing argument. On this record, we find nothing unfairly prejudicial in this limited testimony.

Further, the evidence was sufficient even without the investigator's testimony to allow the jury to draw its own conclusions about Appellant's behavior. As the trial court explained, most ordinary jurors already know what "grooming" is, and the evidence independent of the CPT interviewer's testimony would fully support a conclusion that grooming occurred. Jurors heard from other witnesses about the relationship between Appellant and the victim, and what Appellant initiated over a period of time. On this record, we find no abuse of discretion in the trial court's allowing the CPT interviewer's limited testimony.

### Jury Instructions

The three relevant offenses are Count 1, lewd or lascivious molestation under section 800.04(5)(b), Florida Statutes; Count 2, lewd or lascivious exhibition under section 800.04(7)(b); and the requested lesser of unnatural and lascivious act under section 800.02. The trial court instructed the jury on battery as a lesser-included offense on Count I. Appellant argues that the trial court erred in not also instructing the jury on the permissive lesser-included crime of unnatural and lascivious act. We review this issue de novo. *Wong v. State*, 212 So. 3d 351, 360 (Fla. 2017).

A permissive lesser-included offense is one where the greater and lesser offenses appear to be separate on the face of the statutes, "but the *facts alleged* in the accusatory pleadings are such

5

that the lesser [included] offense *cannot help but be perpetrated once the greater offense has been.*" *Stoffel v. State*, 247 So. 3d 89, 92 (Fla. 1st DCA 2018) (quoting *State v. Weller*, 590 So. 2d 923, 925 n.2 (Fla. 1991)) (emphasis added). A court must instruct on a permissive lesser included offense, if requested, if the information "allege[s] all the statutory elements of the permissive lesser included offense" and there is "some evidence adduced at trial establishing all of these elements." *State v. Knighton*, 235 So. 3d 312, 315 (Fla. 2018). A judge may not instruct on an offense if no evidence supports giving the charge. Fla. R. Crim. P. 3.490. If the allegations and evidence are the same as to both greater and lesser offenses, a defendant has no right to, in essence, elect a lesser offense with its lesser penalty. *See Knighton*, 235 So. 3d at 316 (holding court "clearly cannot" construe greater crime as subsuming lesser-included crimes as if they were "identical crimes with differing penalties").

Here, the jury was properly instructed to find guilt of the highest offense the State proved (and did so). *See* Fla. Std. Jury Instr. (Crim.) 3.12 (instructing that if jury finds a defendant guilty, "it should be for the highest offense on the verdict form for each count that has been proven beyond a reasonable doubt"). A jury may consider a lesser-included offense only if the evidence fails to prove the greater offense. *See* Fla. R. Crim. P. 3.490 ("The judge shall not instruct on any degree as to which there is no evidence.").

The trial court applied the proper analysis in deciding not to give the permissive lesser-included instruction on unnatural and lascivious act. The court reasoned as follows:

> THE COURT: . . . Counsel, I went back and looked at the standard instruction on lewd and lascivious exhibition, and in that statute as we've already covered, under Count I, lewd and lascivious molestation, and under Count II, lewd and lascivious exhibition, it requires the acts to be done in a lewd and lascivious manner, correct? The definition under both of those counts as charged is that the words lewd and lascivious mean the same thing, right? So wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act. When you get to 11.8, the lesser included instruction on committing an unnatural and lascivious

6

act, it requires that the act, whatever it is, be done in a[n] unnatural and lascivious manner. It defines lascivious in the same way it is defined in Count II. So there is no factual scenario in which they could find he did a lascivious act on a minor that isn't the crime charged. Any lascivious act that they would find to be committed on the victim, there's no dispute the victim is under the age of 18, is 6 or 7 years of age, it's the crime charged then.

. . .

Same argument that was made for the exposure of the sexual organs. To find all of the elements of exposure, the only, it is the crime if the exposure is against an underage person. It is the crime charged, lewd and lascivious exhibition. There is no factual scenario where they can find that the child is 18 or older, and that would be required for either of those lessers to be able to be found.

As the trial court correctly assessed, the jury was given only one version of the evidence: trunk of a car, Appellant's exposing himself and "doing something" with his penis, and the victim's reaching out and touching Appellant's exposed penis because Appellant turned toward the boy to cause the contact. Either the jury believed this, or it did not. If it did, the crimes committed were lewd and lascivious molestation and lewd and lascivious exhibition. Thus, the jury had only two options: guilty of the higher, or not guilty at all. The jury could not have found any set of facts that would *not* have established guilt of the higher counts, unless it were an act of jury nullification, which is not permitted under *Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019) (abrogating jury-pardon doctrine).

AFFIRMED.

ROWE and BILBREY, JJ., concur.

7

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Victor Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.