SHARP, W., J.
Byers appeals from his convictions and sentences for one count of second degree murder,[1] six counts of armed robbery with a firearm,[2] one count of armed burglary of a dwelling with an assault/battery,[3] and two counts of aggravated assault with a firearm.[4] Byers was sentenced to concurrent terms of 679 months for second degree murder, six counts of armed robbery, and burglary of a dwelling with an assault/battery, and to concurrent sixty-month terms for two counts of aggravated assault. We affirm.
First, Byers argues the trial court erred in limiting closing argument to thirty minutes and cutting off defense counsel before he had concluded his summation. This was a grave criminal case, which involved multi-counts that took place during a home invasion-burglary of a dwelling where numerous witnesses/victims were attending a party. One of the victims was shot by Byers and died. Thus this case was tried as a capital case. The state presented fourteen witnesses and Byers presented two. The trial spanned four days, but a large percentage of it consisted of jury selection.
In Stockton v. State, 544 So.2d 1006 (Fla.1989), the Florida Supreme Court held that a thirty minute time limit for closing arguments in a case involving fifteen witnesses and a time span of two days was unreasonable. See also Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA 1986); Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984).
However, in this case, the defense failed to object when the court announced its time limits for closing argument. In order to preserve a trial court error the defendant must make a timely objection and state its specific grounds. Fla. R.Crim. P. 3.390(d). Castor v. State, 365 So.2d 701 (Fla.1978); Gainer v. State, 633 So.2d 480 (Fla. 1st DCA 1994). To be cognizable on appeal, an argument must have been raised and fully presented to the trial court. Steinhorst v. State, 412 So.2d 332 (Fla.1982).
Defense counsel never told the judge he needed more time to complete his argument initially nor at any time when the judge began interrupting his argument and reminding him of the time limit. Defense counsel also had the opportunity to tell the judge prior to concluding, why he needed time to cover points he had not adequately covered. Even when making a motion for new trial based on this point, defense counsel did not identify how the brevity of the time limits prejudiced his ability to cover the issues at trial. All he said was that he did not hear the trial ■ court when it set the thirty minute time limit for closing argument.
We do not think that setting a closing argument time of thirty minutes is fundamental error and thus we conclude the abuse of discretion, if it occurred, was not preserved for our review. State v. Delva, 575 So.2d 643 (Fla.1991). Even if it had been, the determination that time limits on closing argument in a case was unreasonable or arbitrary depends upon the facts and circumstances of the case. Here there were a number of witnesses, but their testimony was not contradictory. The evidence in this case suggested overwhelmingly that Byer was the person who shot the victim and robbed the others.
*1014 Second, Byer argues that he was denied a fair trial because the trial judge failed to grant him an additional peremptory challenge for Stokes. Byers submits that there was a lengthy, individual voir dire of venire persons for the purpose of death penalty qualification. Thereafter, a second voir dire was conducted with those who qualified. When it came time for jury selection, defense counsel exhausted his peremptory challenges, including one used to excuse a potential juror (Stokes) whom he had challenged for cause, but which the court denied. Thus, Byer argues, when defense requested two additional peremptory challenges to excuse two other jurors and the court refused, that constituted reversible error. See Farina v. State, 679 So.2d 1151 (Fla.1996), receded from, Franqui v. State, 699 So.2d 1312 (Fla.1997).
Byers urges that Stokes gave equivocal answers on his ability to serve impartially and competently. Stokes discussed the case of a good friend, who had shot his wife (the friend’s wife) and gone to prison for fifteen years. Asked by the prosecutor if he thought this would affect his ability to be impartial, he said “I don’t think so.” Asked if he could put that out of his mind and consider the evidence in this case he said: “I will certainly try.” Defense counsel did not pursue or try to clarify Stokes’ answers. In our view, Stokes’ brief response to the prosecutor’s questions does not rise to the level of being equivocal, and thus the trial judge did not err in refusing to excuse him for cause. See Cook v. State, 542 So.2d 964 (Fla.1989); Mills v. State, 462 So.2d 1075 (Fla.1985).
AFFIRMED.
PETERSON and PALMER, JJ., concur.

. §§ 784.04, 775.087, Fla. Stat. (1996).

. §§ 812.13(2)(a), 775.087, Fla. Stat. (1996).

. §§ 810.01(2)(a), 775.087, Fla. Stat. (1996).

. §§ 784.02(1)(a), 775.087, Fla. Stat. (1996).