804 So.2d 373 (2001)
Robert C. KEYES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3086.
District Court of Appeal of Florida, Fourth District.
October 3, 2001.
*374 Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Robert C. Keyes was tried by jury and convicted of battery. On appeal, Keyes challenges a variety of alleged improper remarks by the prosecutor during closing arguments. We find merit in the claim that the State improperly told the jury that Keyes' self-defense theory was a legal admission to the charged battery. We reverse and remand for a new trial.
Broward County Sheriff's Deputy Andrew Cardarelli testified that he was dispatched to 46th Avenue in connection with a call concerning a black man in a white tee-shirt. When Cardarelli arrived, he saw Keyes sitting in the driver's seat of a car and another male and two females near the fender of the car. Cardarelli, who was in uniform and driving a marked patrol car, instructed those near the car to step away and have a seat on the side of the road. Keyes, a black male in a white tee-shirt, was ordered to step out of the car.
Cardarelli testified that Keyes responded that he had nothing to do with what was going on and began cursing. Cardarelli *375 stated that he twice instructed Keyes to turn off the car's ignition. After the second request, Keyes put the car in reverse and it moved backwards. At that point, Cardarelli reached into the car, put the gear shift in park, and took the keys from the ignition. Cardarelli denied touching Keyes while doing this. Then, according to Cardarelli, when he again ordered Keyes out of the car, Keyes responded by yelling, punching and kicking at him. Eventually, Keyes was pepper sprayed and removed from the car. The only other witness testified that, while he observed the car jump backwards and the officer reach in and grab the keys, he did not see kicking or punching. Keyes did not testify.
Prior to closing arguments, defense counsel requested that the jury be given a self-defense instruction, and the trial court agreed. The self-defense issue then became the focus of closing arguments. Defense counsel went first, arguing that Cardarelli had reached into Keyes' car without provocation, thrown his car into park, and grabbed the keys; it was unreasonable, defense counsel suggested, to believe that he had done so without touching Keyes. Defense counsel continued, stating
We havewell, we've never said that Robert Keyes committed a battery by touching anybody and we don't admit that he did, because if there was any contact, like I said a few minutes ago, it was inadvertent and unintentionally. In order to commit a battery, it has to be intentional. But you will be getting a self-defense instruction in this case regardless, because Robert Keyes may have covered up his face while the officer was trying to get at him. Imagine he is covering up his face, the officer reached up and says he put his hands on me for a battery.
When it was the prosecutor's turn, he responded by making statements to the effect that Keyes' request for a self-defense instruction was an admission to the crime. For example, the prosecutor stated "[y]ou know how Mr. Keyes gets a selfdefense instruction, by admitting that the crime took place." And then later, he continued along those same lines
The only way they can argue self-defense, if the crime was completed but he had a reason to do it. The only way he could come here and get that instruction and he agrees that the crime happened is that everything Cardarelli said is true, that he touched him. That's the only way.
. . . .
This case is not about self-defense at all, because they have to admit it. If he admits it, check guilty.
Keyes contends that these remarks were improper and served to relieve the State of its burden of establishing his guilt beyond a reasonable doubt. We agree.
A defendant may argue inconsistent theories to the jury "so long as the proof of one does not necessarily disprove the other." Wright v. State, 705 So.2d 102, 104 (Fla. 4th DCA 1998). As a general rule, a defendant's contention that his injury of another was an accident bars an instruction on self defense or defense of another. See Williams v. State, 588 So.2d 44, 45 (Fla. 1st DCA. 1991). Claims of self defense and defense of another involve "an admission and avoidance," which are usually inconsistent with a claim that the injuries resulted from an accident. Id. An exception to this general rule exists, however, where "there is evidence indicating that the accidental infliction of an injury and the defense of self defense or defense of another are so intertwined that the jury could reasonably find that the accident *376 resulted from the justifiable use of force." Id.; see also McInnis v. State, 642 So.2d 831, 832 (Fla. 2d DCA 1994).
Here, Keyes' attorney argued that it was Cardarelli who initiated contact with his client and that any contact Keyes made with Cardarelli was unintentional and, thus, not battery. Additionally, defense counsel argued that any physical contact that Keyes had with Cardarelli was "to get him off of himself" and in self defense. Since on the facts presented, Keyes was permitted to argue that the jury could properly find that the touching was accidental and not battery, or in the alternative, that it was in self defense and not battery, the State's argument that Keyes' request for the self-defense instruction was equivalent to an admission to the battery must fail. When making closing argument to the jury, "[c]ounsel may not contravene the law and the jury instructions." Cave v. State, 476 So.2d 180, 186 (Fla.1985).
We agree with the State's contention that defense counsel did not properly preserve the legal issue raised on appeal. Indeed, defense counsel's assertion that "I will object to that" was insufficient to preserve any specific ground for appeal. See, e.g., Byers v. State, 776 So.2d 1012, 1013 (Fla. 5th DCA 2001)("In order to preserve a trial court error the defendant must make a timely objection and state its specific grounds."). Nevertheless, comments which improperly shift the burden of proof to the defendant present a deprivation of the fundamental right to a fair trial serious enough to require reversal even in the absence of objection or preservation. See, e.g., Sanders v. State, 779 So.2d 522 (Fla. 2d DCA 2000); Quaggin v. State, 752 So.2d 19 (Fla. 5th DCA 2000). Accordingly, we reverse Keyes' conviction and remand the cause for a new trial.
REVERSED and REMANDED.
SHAHOOD and HAZOURI, JJ., concur.