854 So.2d 223 (2003)
Byron L. BELSER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1812.
District Court of Appeal of Florida, First District.
August 12, 2003.
Rehearing Denied September 12, 2003.
Nancy A. Daniels, Public Defender; G. Kay Witt, Assistant Public Defender, Tallahassee, for appellant.
*224 Charlie Crist, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
Appellant, Byron Belser, appeals from a final order adjudicating him guilty of aiding and abetting an act of lewd or lascivious molestation against a person less than sixteen years of age. Appellant has raised two issues on appeal: (1) whether the trial court erred in denying his motion for judgment of acquittal, and (2) whether the trial court erred in denying his request to instruct the jury on the permissive lesser included offense of battery. We find no merit as to the first issue and affirm the trial court's decision without discussion. As to the second issue, however, we find that the trial court erred in denying Appellant's request for a battery instruction, and we reverse and remand for a new trial.
The fourteen-year-old victim, Y.Z., testified that under the cover of darkness two high school boys grabbed her by her arm and pushed her into a handicapped stall in the girl's bathroom, wherein the boys proceeded to touch her breasts and genital area both under and through her clothes. Evidence was presented from which a trier of fact could find that although appellant may not have actually touched the victim, he was a willing participant in the crime.
During the charge conference, the defense requested the standard instruction on the permissive lesser included offense of battery and attempted battery. The trial court denied Belser's request, stating that its reason for not including the battery instruction was lack of evidence to support that Belser actually touched the victim. The trial court erred in making this determination.
Even if the weight of the evidence is overwhelmingly in favor of the state's charge, the defendant is entitled to an instruction on a lesser offense where the charging document and the evidence adduced at trial could support a conviction for the lesser offense. See, e.g., Hooper v. State, 476 So.2d 1253, 1256 (Fla.1985); Carruthers v. State, 636 So.2d 853, 856 (Fla. 1st DCA 1994). Dougherty v. State, 813 So.2d 217 (Fla. 2d DCA 2002); see also Wilson v. State, 749 So.2d 516 (Fla. 5th DCA 1999). In this case, the information charged Appellant with "unlawfully and intentionally touching ... a person less than 16 years of age," or aiding and abetting said actions. The state theorized that Belser was guilty as an aider and abetter, and as such, he was equally culpable for any offenses committed by the principles. The state concedes that simple battery is a permissive lesser included offense, that unlawful touching was alleged in the information, and that evidence of battery was presented at trial to support such a finding.[1] Thus, relevant law requires that the instruction on the permissive lesser included offense of battery should have been given to the jury when requested.
The state argues on appeal that Belser's theory of defense at trial would have disproved the theory of simple battery. The state relies on the rationale in Keyes v. State, 804 So.2d 373 (Fla. 4th DCA 2001), which reasoned that under most circumstances a defendant cannot use alternative defenses of accident and self-defense because the "admission of avoidance" inherent in a claim of self-defense is inconsistent with a claim that the injuries resulted from an accident. Id. at 375 (citing Williams v. State, 588 So.2d 44, 45 (Fla. 1st DCA 1991)). However, the holding in Keyes lends support to the Appellant's *225 argument. The court in Keyes held that the defendant was permitted to argue both accidental touching and self-defense on a battery charge and that the state improperly told the jury that defendant's self-defense theory was a legal admission to the charged battery. Keyes, 804 So.2d at 376. A defendant may argue inconsistent theories to the jury so long as the proof of one does not necessarily disprove the other. Id. at 375; Wright v. State, 705 So.2d 102, 104 (Fla. 4th DCA 1998). The theories Belser proffered at trial are not mutually exclusive. There is no inconsistency in arguing that this defendant did not take part in the criminal act and all that occurred during the attack was the lesser offense of simple battery.
Further, the fact that preponderance of the evidence may have demonstrated lewd and lascivious molestation rather than simple battery does not vitiate the need of instructing on the lesser offense. In Henderson v. State, 370 So.2d 435, 437 (Fla. 1st DCA 1979), this court stated that the reasons why lesser included offense instruction must be given are the "jury pardon" concept and the long-established prohibition against allowing trial judges to make evidentiary determinations that properly lie within the province of the jury. This concept is equally applicable whether the defendant is the actual perpetrator or an aider and abetter. Here, the jury could have rejected the testimony of the state's witnesses and decided based upon the evidence that Belser aided and abetted simple battery rather than lewd and lascivious molestation.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LEWIS and POLSTON, JJ., concur.
NOTES
[1] The essential elements of battery are: (1) actually and intentionally touching or striking another person (2) against the will of the other. See § 784.03(1)(a)1, Fla. Stat. (2002).