COPE, J.
 

 Ronald Barnett appeals his conviction for lewd and lascivious molestation in violation of subsection 800.04(5)(a), (b), Florida Statutes (2003).
 
 [1]
 
 We affirm.
 

 
 *964
 
 Defendant-appellant Barnett first argues that the trial court erred by refusing to give a jury instruction on simple battery as a lesser included offense. Battery can be a permissive lesser included offense to a charge under subsection 800.04(5). However, under the circumstances present here, the trial court’s ruling was correct.
 

 The information charged that the defendant “did unlawfully and intentionally touch the breasts, genitals, genital area, or buttocks, or the clothing covering the breasts, genitals, genital area, or buttocks of K.J. (A MINOR), a person less than 12 years of age in a lewd and lascivious manner, in violation of 800.04(5)(b), Fla. Stat. .... ” The defendant contends that this language and in particular, the allegation of unlawful touching, is broad enough to include simple battery as a lesser offense. The Supreme Court of Florida has, however, held otherwise.
 

 In
 
 Khianthalat v. State,
 
 974 So.2d 359 (Fla.2008), the defendant was charged with lewd or lascivious battery under subsection 800.04(4), Florida Statutes. The defendant contended that the jury should have been instructed on simple battery as a lesser included offense. The Court said, “The elements of simple battery are: (1) actually and intentionally touching or striking another person; and (2) against the will of the other person.”
 
 Id.
 
 at 361. The
 
 Khianthalat
 
 information did not contain language alleging that the touching was “against the will of the other person.”
 
 Id.
 
 According to the Court, in such a circumstance the defendant is “not entitled to an instruction on simple battery as a permissive lesser included offense of lewd or lascivious battery under section 800.04.”
 
 Id.
 

 The same situation exists in the case now before us. The information did not include any language stating that the touching was against the will of the victim. Under
 
 Khianthalat,
 
 the request for the simple battery instruction was correctly denied.
 

 The defendant argues that the First District Court of Appeal came out the other way on the same point of law in
 
 Belser v. State,
 
 854 So.2d 223 (Fla. 1st DCA 2003). In that case “the information charged Appellant with ‘unlawfully and intentionally touching a person less than 16 years of age[.]’ ”
 
 Id.
 
 The First District said:
 

 The state concedes that simple battery is a permissive lesser included offense, that unlawful touching was alleged in the information, and that evidence of battery was presented at trial to support such a finding. Thus, relevant law requires that the instruction on the permissive lesser included offense of battery should have been given to the jury when requested.
 

 Id.
 
 (footnote omitted). In this case, as in
 
 Belser,
 
 the information alleged an unlawful touching. However, on this point
 
 Belser
 
 does not survive the more recent decision of the Supreme Court in
 
 Khianthalat.
 

 In his second issue, the defendant contends that the trial court erred by sustaining the State’s hearsay objection to certain questions which the defense attempted to ask the victim’s mother. The defense maintained that the victim had recanted her charges that the defendant had molested her. However, when the child victim was on the stand, the defense did not ask the victim about the alleged recantation and thus failed to lay the proper foundation for impeachment.
 
 See Pearce v. State,
 
 880 So.2d 561, 569-70 (Fla.2004); Charles W. Ehrhardt,
 
 Floiida Evidence
 
 § 614.1(2010). When the mother testified in the defense case the defense attempted to ask the mother what the child had said to the mother. The trial court sustained the State’s objection, as
 
 *965
 
 the question called for hearsay and no foundation had been laid for impeachment by inconsistent statements. Those rulings were correct. On appeal, the defense argues that the testimony should have been allowed under the rule of completeness. We decline to entertain that argument as it was not presented in the trial court.
 

 Finally, the defendant contends that the State made an improper closing argument and that a mistrial should have been granted. By way of background, the victim testified at trial. She was twelve years old at the time of her trial testimony and had been between eight and ten years old at the time of the charged offense.
 
 [2]
 
 Defense counsel engaged in extensive cross-examination intended to bring out inconsistencies between her deposition testimony and her trial testimony. This focused on whether she was awake or asleep at the time of the touching, and the manner in which the touching took place.
 

 In closing argument, the State said:
 

 Let’s think of who [K.J.] told the story to first. First person [K.J.] decided to talk to about this was Mrs. Martinez. So Mrs. Martinez was touched by her thought. That got the ball rolling. After Mrs. Martinez, she told her mother. After her mother, she told Pam [Gar-man], the forensic interviewer, in the video. After Pam, the defense deposition.
 

 She told the defense attorney. And after that, today, or yesterday in this case, she sat here and testified. One, two, three, four, five. Five times this ten year-old girl has told the story. Five times that story has not changed any. Defense counsel wanted to make it seem that the story has changed.
 

 [DEFENSE COUNSEL]: Objection, you know that’s—
 

 THE COURT: Okay.
 

 [PROSECUTOR]: Brought to the attention of the jurors, the weight of the plea. She was ten at the time that the incident happened, she is 12 now. Her understanding has changed. The one thing that has stayed the same, five times, is that she was touched in her vaginal area by her step-dad. That never changed.
 

 [DEFENSE COUNSEL]: Objection. I would ask to go to a motion. I would like to reserve a motion.
 

 THE COURT: Okay.
 

 There were two passing references to consistency elsewhere in the closing argument and the defense reserved a motion each time.
 

 After the jury had retired, the trial court entertained argument on the reserved motions. There was no objection from the State that such a reservation was improper or that it was untimely for the court to entertain the motions after the jury had retired.
 
 Cf. Ed Ricke and Sons, Inc. v. Green,
 
 468 So.2d 908, 910 (Fla.1985) (“We hold that a motion for a mistrial coupled with a request that the court reserve ruling on the motion does not constitute a waiver and therefore prohibit appellate review of the motion.”).
 

 The defense argued that the State’s statement about consistency was improper because the State had successfully objected, on hearsay grounds, to the mother’s testimony that the victim had recanted her testimony. The defense relies on cases holding that a litigant cannot successfully obtain exclusion of evidence and then argue that the opposing side failed to introduce the same evidence.
 
 See Romero v.
 
 
 *966
 

 State,
 
 901 So.2d 260, 268 (Fla. 4th DCA 2005) (“The state is prohibited from preventing the defense from introducing evidence to the jury and then using the absence of that evidence to strengthen its case for guilt.”) (citing, inter alia,
 
 Garcia v. State,
 
 564 So.2d 124, 128-29 (Fla.1990)).
 

 The trial court denied the motion for mistrial for two reasons. First, the court said that there was nothing actually in the record “in deposition or anywhere else, that the child had ever told the mother that this incident did not occur.” We put that aside, because when the defendant moved for a new trial, the defendant attached a memo prepared by the State Attorney’s Office which noted that the victim’s mother had told an assistant state attorney that the victim had recanted her accusations.
 

 Second, on the merits, the trial judge said, “With regards to the consistency in the story, it [the closing argument] came close sometimes to saying that everything was consistent.” But the court went on to say that the gist of the State’s argument was that each time the victim gave a statement, her description of how the touching took place was the same. The court concluded that under the circumstances, a mistrial was not called for. The decision whether to grant or deny a motion for mistrial is committed to the sound discretion of the trial court,
 
 see Anderson v. State,
 
 841 So.2d 390 (Fla.2003), and we see no abuse of that discretion here.
 

 Affirmed.
 

 [1]
 

 . The crime was alleged to have been committed on or between February 1, 2004 and February 28, 2006.
 

 [2]
 

 . While the information charged a single count, the testimony was that the touching occurred on multiple occasions.