# FIRST DISTRICT COURT OF APPEAL

# STATE OF FLORIDA

_____

No. 1D16-0079

_____

RAFAEL JACOB STOFFEL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

May 16, 2018

B.L. THOMAS, C.J.

Appellant, Rafael Jacob Stoffel, appeals his conviction and sentence for lewd or lascivious molestation of a child under the age of twelve. § 800.04(5), Fla. Stat. (2014). Appellant raises two issues on appeal: 1) whether the trial court erred by denying his request for a jury instruction on the lesser-included offense of battery; and 2) whether the trial court's imposition of the minimum-mandatory term of twenty-five years' imprisonment constitutes cruel and unusual punishment under both the Florida and federal constitutions.* We find no merit as to the second

---

* Per statute, a conviction for lewd or lascivious molestation of a child under the age of twelve requires that a trial court impose one of two sentencing options: 1) life imprisonment; or

issue, but write to address Appellant's claim that he was entitled to a jury instruction on battery.

I.

Appellant took his nine-year-old stepdaughter, S.P., to a movie on a "daddy-daughter" date to celebrate her upcoming birthday. A few minutes into the movie, Appellant asked if he could touch S.P.'s breasts. S.P. consented and Appellant proceeded to put his hand underneath S.P.'s shirt and grabbed her breasts. After the movie, Appellant apologized to S.P. for his actions.

Approximately a year after the incident, S.P.'s mother asked S.P. if Appellant had ever touched her inappropriately. S.P. then told her mother what occurred. S.P.'s mother then confronted Appellant about the incident, and Appellant admitted to touching S.P.'s breasts. Appellant expressed remorse for his actions and self-reported the incident by calling the Department of Children and Families (DCF). As a result, DCF sent its investigator and an Okaloosa County Deputy Sheriff to S.P.'s home. Recorded interviews were conducted with S.P., her mother, and Appellant. S.P. reiterated what had occurred during the movie. During his interview, Appellant stated that when he apologized to S.P for his actions, she stated, "Well, I did say yes." At the conclusion of the interviews, Appellant was arrested and charged with lewd or lascivious molestation of a child under the age of twelve.

During trial, S.P. testified that Appellant touched her breasts for approximately two to three minutes and told her that she was "growing up" and "becoming quite the woman." Additionally, S.P. testified that she "felt like something was wrong, but I wasn't, like, exactly sure, and I didn't really know what was going on." Appellant testified and admitted to touching S.P.'s breasts for a few seconds. Both the State and defense

---

2) "a split sentence . . . of at least twenty-five years' imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person's natural life." § 775.082(4)(a), Fla. Stat. (2014).

2

counsel stipulated that, while Appellant was touching S.P., Appellant told S.P. "your chest is getting big."

At the charge conference, defense counsel asked for a jury instruction on the lesser-included offense of battery. The trial court denied the request. The trial court, however, granted defense counsel's request for a jury instruction on the lesser-included offense of attempted lewd or lascivious molestation and a jury instruction for an unnatural and lascivious act.

In its closing statement, the defense argued that Appellant did not have the lascivious intent required to be found guilty of lewd or lascivious molestation. The trial court then instructed the jury:

> THE COURT: Lewd or lascivious molestation. To prove the crime of lewd or lascivious molestation, the State must prove the following three elements beyond and to the exclusion of a reasonable doubt: One, [S.P.] was under the age of 12 at the time of the offense. Two, Rafael Stoffel intentionally touched in a lewd or lascivious manner the breasts of [S.P.]. Three, Rafael Stoffel was 18 years of age or older at the time of the offense.

> The words "lewd" and "lascivious" mean the same thing. They mean a wicked, lustful, unchaste, licentious, or sensual attempt on the part of the person doing the act.

> Neither the victim's loss of chastity nor consent is a defense to the crime charged. The Defendant's ignorance of the victim's age, the victim's misrepresentation of her age, or the Defendant's bona fide belief of the victim's age is not a defense to the crime charged.

During its deliberations, the jury asked the trial court the following question: "Ask [Appellant] why he decided to reach under her shirt. What was he thinking? What was his reasoning?" The trial court responded by informing the jury that "you have all of the evidence that's been received for your

3

consideration of the verdict in this matter."  The jury then resumed its deliberations and found Appellant guilty as charged.

## II.

There are two categories of lesser-included offenses: necessary and permissive. *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006).  "Necessarily lesser-included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense." *Id.*  In contrast, a permissive lesser-included offense is one where both offenses appear to be separate on the face of the statutes, "but the *facts alleged* in the accusatory pleadings are such that the lesser [included] offense *cannot help but be perpetrated* once the greater offense has been." *Id.* (quoting *State v. Weller*, 590 So. 2d 923, 925 n.2 (Fla. 1991)) (emphasis added).

A trial court must instruct the jury on a necessary lesser-included offense. *McKiver v. State*, 55 So. 3d 646, 649 (Fla. 1st DCA 2011).  However, the instruction on a permissive lesser-included offense must be given only if:  1) the charging document alleges all the statutory elements of the requested permissive lesser-included offense; *and* 2) some evidence is adduced at trial that establishes those statutory elements. *Khianthalat v. State*, 974 So. 2d 359, 361 (Fla. 2008).  Battery is listed as a lesser-included offense of lewd or lascivious molestation.  Fla. Std. Jury Instr. (Crim.) 11.10(c).  Accordingly, Florida courts have found that battery is a permissive lesser-included offense of lewd or lascivious molestation. *Barnett v. State*, 45 So. 3d 963, 964 (Fla. 3d DCA 2010).  The question for this Court is thus two-fold: 1) did the State's information allege the statutory elements of battery, and if so, 2) did the evidence adduced at Appellant's trial establish those elements?

## III.

The elements of battery are an actual and intentional touching or striking of another, without their consent. § 784.03(1)(a)1., Fla. Stat.  The fact that Appellant intentionally touched S.P. is uncontroverted.  As a result, this Court's analysis centers on the remaining statutory element of consent.

4

The State's second amended information alleged that Appellant "on or about June 22, 2014, at and in Okaloosa County, Florida, while being eighteen (18) years of age or older, 31 years of age, did unlawfully and intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than twelve (12) years of age, S.P., . . ., 9 years of age, or force or entice S.P. to touch the perpetrator, in violation of Section 800.04(5)(b), Florida Statutes."

The language of the information makes no mention of Appellant's touching being against the will of S.P., and there is no evidence in the record to support the finding that S.P. did not consent to Appellant's touching. Certainly, S.P.'s testimony indicates that at the time she felt uncertain or taken aback by Appellant's conduct. It is clear, however, that S.P.'s verbal statements to Appellant before and after the incident demonstrate that the touching was consensual.

We find the holding in *Barnett* to be persuasive here. The defendant in *Barnett* was charged with lewd or lascivious molestation of a child under the age of twelve. 45 So. 3d at 964. He requested a jury instruction on battery, which the trial court denied. *Id.* Relying on *Khianthalat*, the Third District affirmed the trial court, holding that the defendant was not entitled to a jury instruction on battery, because "[t]he information did not include any language stating that the touching was against the will of the victim." *Id.*

The court in *Barnett* addressed *Belser v. State*, 854 So. 2d 223 (Fla. 1st DCA 2003), which predated *Khianthalat*. *Barnett*, 45 So. 3d at 964. In *Belser*, the defendant was charged with lewd or lascivious molestation of a child under the age of sixteen. 854 So. 2d at 224. On appeal, the defendant argued that the trial court erred by denying his request for a jury instruction on battery. *Id.* This Court held that the defendant was entitled to the instruction and reversed. *Id.* at 225. In our rationale, we noted that "[t]he state concedes that simple battery is a permissive lesser included offense, that unlawful touching was alleged in the information, and that evidence of battery was

5

presented at trial to support such a finding." *Id*. at 224. But our decision in *Belser* made no attempt to analyze the remaining statutory element that the touch be against the will of the victim. Consequently, the Third District in *Barnett* found that "*Belser* does not survive the more recent decision of the Supreme Court in *Khianthalat*." 45 So. 3d at 964. We agree, and hold that *Belser* has been abrogated by the rule of law articulated by the Florida Supreme Court in *Khianthalat*.

But Appellant argues that the fact that S.P. was under the age of twelve satisfies the requirements of *Khianthalat*, because a minor cannot give consent to an unlawful sexual touching; thus, as a matter of law, Appellant's acts were without S.P.'s consent. This assertion is untenable, however, given our Court's recent affirmation that parents and those *in loco parentis* are privileged to touch their children, non-abusively, against their will. *Morris v. State*, 228 So. 3d 670 (Fla. 1st DCA 2017). As a matter of law, Appellant could not commit a battery against his stepchild, *unless* Appellant touched her in a lewd manner, which is unlawful, and therefore the fondling would be a lewd and lascivious molestation. Thus, either the act of fondling the nine-year old's breasts was a lewd molestation or it was no crime at all, because a *non-lewd* touching of a child by a parent *cannot constitute a battery*, absent evidence of physical injury or other factors not alleged or proven here. See § 784.085, Fla. Stat.; § 827.03(1)(a)&(b), Fla. Stat.

If it had received the battery instruction, the jury could have only found Appellant guilty of battery if they found that the State failed to prove the charged offense (as well as the lesser-included offenses of attempted lewd or lascivious molestation or unnatural and lascivious act) beyond a reasonable doubt. Such a finding necessarily means that the jury would have determined that Appellant did not act with a lascivious intent. Therefore, the resulting touch between Appellant and S.P. could not constitute battery, as a matter of law. *Morris*, 228 So. 3d at 673. Thus, the only proper choices for the jury to consider were in fact provided: Either Appellant committed a lewd or lascivious act, or he committed no crime at all

6

The record is undisputed that Appellant touched S.P.'s breasts. Appellant admitted touching the victim's breasts. Therefore, the only issue remaining for the jury to resolve was whether Appellant had a lascivious intent. Appellant asked S.P. if she liked being touched, and Appellant commented that S.P. was becoming "quite the woman." Both parties stipulated that Appellant told S.P. that "your chest is getting big." Based on these facts, the jury had sufficient evidence to conclude that Appellant acted with lascivious intent.

AFFIRMED.

OSTERHAUS and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Michael Ufferman, Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Assistant Attorney General, Thomas H. Duffy, Assistant Attorney General, Tayo Popoola, Assistant Attorney General, and Steven Woods, Assistant Attorney General, Tallahassee.