DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCISCO XAVIER DE ARAGON II,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2010

[May 22, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case Nos. 156543CF10A and 156881CF10A.

Carey Haughwout, Public Defender, and Tom Wm. Odom and Paul Edward Petillo, Assistant Public Defenders, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Francisco Xavier De Aragon II, was charged with and convicted of sexually assaulting three six-year-old girls while giving them swimming lessons. Appellant presents three points on appeal, but we choose to address only whether the trial court reversibly erred in denying his request for a permissive lesser-included simple battery instruction on the three lewd or lascivious molestation counts. We find no error in denying the requested instructions and affirm on all issues raised.

Appellant was charged by amended information with five separate counts: sexual battery on A.C. and B.E.; and lewd or lascivious molestation of A.C., B.E. and A.P. During the jury instruction conference, defense counsel requested an instruction on simple battery as a permissive lesser-included offense on the three lewd molestation counts. The State objected, arguing the instruction was not appropriate for the lewd molestation charges, though conceding it would be proper on the sexual battery offenses.

Pointing to *Khianthalat v. State* (*Khianthalat II*), 974 So. 2d 359 (Fla. 2008), the State argued that the trial court could not allow the simple battery instruction as a lesser-included offense because the information did not plead a lack of consent and the facts of the case did not support simple battery. The trial court denied Appellant's instruction request and reasoned that simple battery was not subsumed within the lewd molestation offense because "[b]attery requires lack of consent. Lewd or lascivious molestation does not."

Appellant was found guilty of all three lewd molestation charges.[1] This appeal follows.

"[A] trial court has wide discretion in instructing the jury, and the court's decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal." *Carpenter v. State*, 785 So. 2d 1182, 1199-1200 (Fla. 2001) (quoting *James v. State*, 695 So. 2d 1229, 1236 (Fla. 1997)). But a legal determination based upon undisputed facts as to whether a defendant is entitled to a jury instruction on an alleged permissive lesser-included offense is a question reviewed *de novo* by this court. *See State v. Knighton*, 235 So. 3d 312, 314 (Fla. 2018). Here, we must determine whether Appellant was entitled to a permissive lesser-included simple battery instruction on the lewd molestation counts.

Lesser-included offenses are either necessary or permissive. *See Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006). Necessary lesser-included offenses are "subsumed within" the charged offenses. *See Stoffel v. State*, 247 So. 3d 89, 92 (Fla. 1st DCA 2018). Thus, a trial court must instruct the jury on necessary lesser-included offenses. *See McKiver v. State*, 55 So. 3d 646, 649 (Fla. 1st DCA 2011). "In contrast, a permissive lesser-included offense is one where both offenses appear to be separate on the face of the statutes, 'but the *facts* alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.'" *Stoffel*, 247 So. 3d at 92 (alteration in original) (quoting *Sanders*, 944 So. 2d at 206).

An instruction on a permissive lesser-included offense is authorized only when two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements." *Khianthalat II*, 974 So. 2d at 361 (quoting *Jones v. State*,

---

[1] Appellant was also found guilty of sexual battery against A.C. and simple battery (as a necessary lesser-included offense to sexual battery) against B.E.

666 So. 2d 960, 964 (Fla. 3d DCA 1996)). A trial court does not err in denying a permissive lesser instruction when either, or both, of the above conditions have not been met. *See id.*

Our analysis continues with a review of the statutory language and essential elements of the charged offense and the alleged permissive lesser-included offense. *See Stoffel*, 247 So. 3d at 92.

Lewd or lascivious molestation occurs when "[a] person . . . intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age[.]" § 800.04(5)(a), Fla. Stat. (2015). It is a life felony to commit lewd or lascivious molestation on or against a child under the age of twelve. *See* § 800.04(5)(b), Fla. Stat. The lesser-included offense of simple battery is defined as the intentional touching of another against that person's will. *See* § 784.03(1)(a)1., Fla. Stat. (2015).

Thus, for Appellant to receive a permissive battery instruction on the lewd molestation charges: (1) the charging instrument must allege the statutory elements of battery, and if so, (2) there must have been evidence presented at trial to establish those elements. *See Stoffel*, 247 So. 3d at 92. Given that lewd molestation also requires intentional touching, it is undisputed that this element was present in the charging instrument and evidence of this element was presented at trial. Accordingly, our analysis is dependent on the second element of battery: whether the touching was against the person's will.

The language of the charging information in the present case followed the lewd molestation statute for each count charged, respectively:

> [O]n or about the 19th of May, 2015, in the County and State aforesaid, being a person of the age of eighteen (18) years or older, did intentionally touch in a lewd or lascivious manner the genital area, or the clothing covering it, of [Minor Victim], a person less than twelve (12) years of age, contrary to F.S. 800.04(5)(a) and F.S. 800.04(5)(b).

As seen above, the charging instrument clearly fails to allege that the charged offense was committed against the victims' will. Appellant attempts to circumvent the first condition of a permissive lesser-included instruction by claiming the "against that person's will" element of battery was *implicitly* alleged because the charging instrument claimed that the victims were under the age of twelve, thus entitling them to the conclusive presumption that a child under the age of twelve lacks the capacity to

consent to or protect against an unlawful touch.  Appellant points to the conclusive presumption embodied within section 794.011(2)(a), Florida Statutes (2014), as instructive:

> The presumption of incapacity to consent is still embodied in current statutes defining sexual offenses.  Section 794.011, Florida Statutes (2002), the sexual battery statute, reflects that the presumption of incapacity to consent ends at age eleven.  Subsections (3), (4) and (5) define sexual batteries involving victims twelve or older.  To constitute sexual battery under those subsections, the State must prove the victim did not consent.  This requirement recognizes that a person twelve or older has the ability to consent.

> In contrast, subsection (2)(a) provides: "[A] person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony." This subsection of the sexual battery statute *does not explicitly mention consent because it incorporates the presumption* that "a child of such immature age is incapable of either consenting to or protesting against the act."  As noted by the court in *Caulder v. State*, 500 So. 2d 1362, 1363–64 (Fla. 5th DCA 1986), in a prosecution for sexual battery on a child eleven years of age or younger, lack of consent is always an element because of the conclusive presumption that a child that age cannot consent.  Thus, because *lack of consent is an element of sexual battery* under subsection (2)(a), the offense *always includes* a charge of simple battery as a necessarily lesser-included offense, just as it does under subsections (3), (4) and (5). Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 794.011.

*Khianthalat v. State* (*Khianthalat I*), 935 So. 2d 583, 585-86 (Fla. 2d DCA 2006) (emphases added) (footnote omitted), *approved*, 974 So. 2d 359 (Fla. 2008).

In *Khianthalat II*, the defendant requested a simple battery instruction as a permissive lesser-included offense to lewd or lascivious battery on a child between the ages of twelve and sixteen.  974 So. 2d at 360.  There, the defendant argued, as Appellant argues here, "that because the victim is a minor she was not legally capable of consenting to sexual activity; thus, he was entitled to a battery instruction even though the information did not specifically allege and the evidence did not establish that he

4

touched the victim against her will." *Khianthalat I*, 935 So. 2d at 584. The Second District found the defense's argument confused "the unavailability of consent as a defense to a charge of lewd, lascivious, and indecent act with a child with the legal presumption that a child under the age of twelve cannot consent to sexual activity," and proceeded to dissect the defendant's argument by providing a review of the sexual battery statute. *See id.* at 584-86. Affirming the Second District, the Florida Supreme Court first determined that the conditions for a permissive lesser-included instruction had not been met. *Khianthalat II*, 974 So. 2d at 361. Then, having decided the conditions had not been met, the Florida Supreme Court favorably quoted the Second District's discussion:

> The fact that section 800.04 eliminates consent as a defense necessarily implies that the sexual activity may be consensual, but nevertheless, the State, as a matter of policy, will ignore the consent because of its legitimate interest in protecting minor from sexual exploitation. *Because in this case the presumption of incapacity to consent is inapplicable* and the sexual battery activity was not against the minor victim's will, Khianthalat was not entitled to an instruction on simple battery.

*Khianthalat II*, 974 So. 2d at 362 (emphasis added) (citation omitted) (quoting *Khianthalat I*, 935 So. 2d at 586). Pointing to the language indicated, Appellant claims the presumption was not available in *Khianthalat* because the minor victim was over the age of twelve. Therefore, because the minor victims in this case are under the age of twelve, Appellant contends that the presumption is applicable. We disagree, as the presumption of a lack of consent based on the victim's age cannot be implicitly alleged when consent is not an essential element of the charged offense.

The elimination of consent as a defense and apparent absence of the "against that person's will" element in section 800.04(5) means simple battery may be a permissive lesser-included offense to a lewd or lascivious molestation so long as both conditions are met. *See Khianthalat*, 974 So. 2d at 361. Here, neither condition was met as to the "against the person's will" element of simple battery; this precluded the permissive lesser-included instruction and the trial court correctly refused to give it. Accordingly, we affirm.

*Affirmed.*

GERBER, C.J., concurs.

5

FORST, J., concurs in part and dissents in part with opinion.

FORST, J., concurring in part and dissenting in part.

Appellant appeals from the final judgment of conviction and the final order imposing sentence, making three arguments: 1) the trial court erred in denying Appellant's request for jury instructions on the permissive lesser included offense of battery on the three lewd or lascivious molestation counts; 2) the trial court abused its discretion in admitting the child victims' hearsay statements; and 3) the trial court abused its discretion in denying Appellant's motion for mistrial. I agree with the majority's decision to affirm without comment as to the hearsay and mistrial arguments. As such, I would affirm the conviction on the sexual battery charge. I respectfully disagree, however, with the majority's decision to affirm on the first issue regarding the three lewd or lascivious molestation convictions. I would find that the information alleged all the statutory elements of battery and that the evidence at trial established these elements. Because Appellant requested the instruction, I would reverse and remand for a new trial on the three lewd or lascivious molestation counts.

## Background

As part of the school day, students were bused to an aquatic center for swim class where Appellant worked as a swim instructor. The school teachers attended the swim classes to monitor the children. Each class had about twenty to thirty children at a time for a thirty-minute class immediately followed by another group of children.

The three six-year-old girls individually reported to their parents, participated in a videotaped interview with police, and testified at trial that, on the same day, Appellant reached underneath their bathing suits while he was teaching them a front float. One of the girls reported that Appellant put his hand inside of her vagina. Two of the girls reported that Appellant put his hand on top of their vaginas.

Appellant testified on his own behalf. He admitted teaching at the pool on the day at issue but denied the charges. He testified that if his hand went into a student's bathing suit, he would have known.

During conferences on jury instructions, the trial court ruled that Appellant was entitled to an instruction on the charge of unnatural and lascivious act as a permissive lesser offense on the counts charging lewd or lascivious molestation. The defense also requested battery as a

permissive lesser included offense on these counts. The State objected, arguing that it was not appropriate for the lewd or lascivious molestation charge, though it would be proper for the sexual battery charge. The trial court agreed with the State, because "battery requires lack of consent. Lewd or lascivious molestation does not." The defense maintained that battery was subsumed within the lewd or lascivious molestation offense. The trial court denied the defense's request, and the jury instructions and verdict forms reflected that ruling.

Appellant was found guilty of one count of sexual battery on a child less than twelve years of age and three counts of lewd or lascivious molestation of a child less than twelve years of age. He was sentenced to two consecutive terms of life imprisonment without possibility of parole.

## Analysis

Appellant argued below that he was entitled to a jury instruction on battery as a permissive lesser included offense of lewd or lascivious molestation because the information alleged all the elements of a battery, including the lack of consent element, and because of the legal presumption that children under the age of twelve cannot consent to such a touch. This issue is reviewed de novo "[b]ecause this matter involves a legal determination based upon undisputed facts." *Khianthalat v. State* (*Khianthalat II*), 974 So. 2d 359, 360 (Fla. 2008).

As stated by the majority opinion, when requested, a trial court

> **must** give a jury instruction on a permissive lesser included offense if the following two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements."

*Id.* at 361 (emphasis added) (quoting *Jones v. State*, 666 So. 2d 960, 964 (Fla. 3d DCA 1996)). It is a "longstanding rule" in Florida that "[a]n instruction on a permissive lesser included offense is appropriate *only if* the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." *Id.* (quoting *Williams v. State*, 957 So. 2d 595, 599 (Fla. 2007)).

The information charging Appellant with lewd or lascivious molestation states in relevant part that the defendant:

being eighteen (18) years of age or older, did intentionally touch in a lewd or lascivious manner the genital area, or the clothing covering it, of [victim], a person less than twelve (12) years of age, contrary to F.S. 800.04(5)(a) and F.S. 800.04(5)(b).

The information tracks the lewd or lascivious molestation statute: "A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age . . . commits lewd or lascivious molestation." § 800.04(5)(a), Fla. Stat. (2015). It is a life felony for an adult to touch a child in this manner if the child is less than twelve years old. § 800.04(5)(b), Fla. Stat. Battery is an intentional touching against the victim's will. § 784.03(1)(a)1., Fla. Stat. (2015). Battery is a permissive lesser included offense of lewd or lascivious molestation. Fla. Std. Jury Instr. (Crim.) 11.10(c).

Here, the information clearly alleged an intentional touching. Thus, the first question pertinent to the jury instruction issue is whether the information alleged that the touching was against the will of a victim under twelve years old. The majority found that the information "clearly fails" to allege that the lewd touch was against the victim's will. The majority holds that because consent is not an essential element of the charged offense, the lack of consent element must be expressly stated. I disagree. As recognized by the majority, a permissive lesser included offense exists when the "offenses appear to be separate on the face of the statutes, but the facts alleged in the accusatory pleadings are such that the lesser included offenses cannot help but be perpetrated once the greater offense has been." (alteration and internal quotation marks omitted) (quoting *Stoffel v. State*, 247 So. 3d 89, 92 (Fla. 1st DCA 2018)).[2]

There is a legal presumption that children under twelve years old are incapable of consenting to the type of touch alleged here. Because of this legal presumption, when a defendant is charged with sexual battery of a child under twelve, the information need not expressly state that the

---

[2] Similarly, the type of touch alleged here is "unnatural," allowing for the instruction on the lesser included offense of unnatural and lascivious act under section 800.02, Florida Statutes (2015). The information need not expressly state that the lewd or lascivious touch was also "unnatural." *See, e.g., Wong v. State*, 212 So. 3d 351, 360 (Fla. 2017) (finding the defendant was entitled to the unnatural and lascivious act jury instruction because the information alleged that the defendant made oral and skin contact with the sexual organ of child victims).

sexual battery was without the consent of the under twelve-year-old victim. *Khianthalat v. State* (*Khianthalat I*), 935 So. 2d 583, 586 (Fla. 2d DCA 2006), *approved,* 974 So. 2d 359 (Fla. 2008). "[I]n a prosecution for sexual battery on a child eleven years of age or younger, lack of consent is always an element because of the conclusive presumption that a child that age cannot consent." *Id.* (citing *Caulder v. State*, 500 So. 2d 1362, 1363-64 (Fla. 5th DCA 1986)). The lack of consent presumption is not explicitly set forth in section 794.011(2), Florida Statutes (2015) (sexual battery on a child under twelve). Rather, there is an "irrebuttable presumption that children under twelve cannot consent" to the types of touch described in the sexual battery statute. *Acevedo v. Williams*, 985 So. 2d 669, 671 n.2 (Fla. 1st DCA 2008).

In *Khianthalat,* the defendant was charged with lewd or lascivious battery on a child twelve years of age or older but less than sixteen years of age. *Khianthalat I*, 935 So. 2d at 584. The information did not expressly state that the act was without the consent of the child victim, who was thirteen years old when she first had sex with the defendant. *Id.* The defendant asked the trial court to instruct the jury on battery as a lesser included offense, arguing that "because the victim was a minor she was not legally capable of consenting to sexual activity; thus, he was entitled to a battery instruction even though the information did not specifically allege and the evidence did not establish that he touched the victim against her will." *Id.*

The defendant's argument in *Khianthalat* was similar to Appellant's argument in the present case: the lack of consent element of battery was present in the information because "lack of consent is presumed by law in a child of tender years." *Khianthalat II*, 974 So. 2d at 361-63. However, the charge in *Khianthalat* was for a lewd or lascivious battery against a thirteen-year-old child, not a child under twelve. The supreme court, in affirming the lower courts' holding that the defendant was not entitled to the battery instruction, dissected the defense's argument and rejected it. The court explained that the defense confused the unavailability of consent as a defense to lewd or lascivious offenses under section 800.04 (no matter the child's age) with the legal presumption that a child under twelve cannot consent to the sexual activity described in the sexual battery statute. *Id.* at 361.

In explaining how the defense's argument was flawed, the court looked to the presumptions of consent present in the sexual battery statute, noting that children twelve and older can consent to sex acts; therefore, the court held, the lack of consent must be expressly alleged and proven. *Id.*; *see* § 794.011(3)-(5), Fla. Stat. (sexual battery on a child twelve and older

9

must be without the victim's consent).  As offenses under the lewd or lascivious statute are intended to protect children under sixteen from lewd or lascivious offenses regardless of consent, that statute expressly eliminates consent as a defense.  *See Khianthalat II*, 974 So. 2d at 362; § 800.04(2), Fla. Stat.

The court in *Khianthalat II* explained that the sexual battery statute draws the line of consent at twelve years old.  Because of this presumption, in the prosecution of a sexual battery against a child under twelve, the lack of consent is presumed, and the element is always met.  *Khianthalat II*, 974 So. 2d at 362.  Children twelve years of age or older but less than sixteen years of age, on the other hand, never get a presumption of the lack of consent element.  Accordingly, the court held that "[b]ecause *in this case the presumption of incapacity to consent is inapplicable* and the sexual activity was not against the minor victim's will, Khianthalat was not entitled to an instruction on simple battery" for his charge under the lewd or lascivious statute.  *Id.* at 362 (emphasis added).

Like the courts in *Khianthalat*, I would similarly look to the presumption of consent present in the sexual battery statute to determine whether a battery instruction is proper as a lesser included offense of charges under the lewd or lascivious statute, which also draws a line at twelve years old.  **The victim in *Khianthalat* was twelve or older but less than sixteen; thus, the legal presumption of the incapacity to consent to the touch was inapplicable.  The victims here, in contrast, were under twelve.  Thus, the legal presumption is applicable as the victims lacked the capacity to consent to the touch described in the information.**

Accordingly, I would hold that the lack of consent element required for battery was alleged in the information because it states that the victims were under twelve years old and describes a touch to which children in that age group lack the capacity to consent.  The language in the information that Appellant "intentionally touch[ed] in a lewd or lascivious manner" certain anatomical areas on a child under twelve alleges all the statutory elements of a battery—a touch against the victim's will.

Moreover, unlike the defendant in *Stoffel*, Appellant did not have the authority, by the nature of his relationship to the child victims, to touch their vaginas for a non-sexual purpose.  In *Stoffel*, like the instant case, the defendant was convicted of lewd or lascivious molestation of a child under twelve and the issue was whether the information was sufficient to allow for the instruction of battery when it failed to explicitly state that the defendant's touch was against the will of the child victim.  247 So. 3d

at 92. There, the victim was nine years old at the time of the crime and was the defendant's step-daughter. *Id.* at 91. The offense took place in a movie theater when the defendant asked if he could touch his step-daughter's breasts and she said yes. *Id.* The defendant requested an instruction on battery as a lesser included offense, which was denied. *Id.*

The First District rejected the defendant's argument that, because the victim was under the age of twelve, the elements of a battery were met as a matter of law. *Id.* at 93. This is because "parents and those *in loco parentis* are privileged to touch their children, non-abusively, against their will." *Id.* (citing *Morris v. State*, 228 So. 3d 670 (Fla. 1st DCA 2017)). Therefore, because the defendant was the victim's step-father, he could not be punished for a battery against her because the touch was a crime only if done in a lewd or lascivious manner. *Id.* ("[E]ither the act of fondling the nine-year old's breasts was a lewd molestation or it was no crime at all, because a *non-lewd* touching of a child by a parent *cannot constitute a battery*, absent evidence of physical injury or other factors not alleged or proven here.").[3] Here, however, Appellant was not *in loco parentis* and his touch of the victims' vaginas was not privileged.

Because I would hold that the information alleged all the facts necessary to establish the elements of a battery, the next question in determining if Appellant was entitled to an instruction on battery is whether there was some evidence adduced at trial establishing the battery. *Khianthalat II*, 974 So. 2d at 361. Each of the victims reported to their parents, participated in a videotaped interview with police, and testified at trial that Appellant used his hand to go underneath their bathing suit to touch the outside or inside of their vagina, and that this touch occurred when they were six years old. Accordingly, both conditions are met, and Appellant was entitled to a battery instruction as requested.

[3] *Barnett v. State*, 45 So. 3d 963 (Fla. 3d DCA 2010), is factually similar to *Stoffel*; the defendant argued he was entitled to a jury instruction on battery as a lesser included offense of lewd or lascivious molestation when the victim was under twelve and was the defendant's step-daughter. The Third District recognized that battery can be a permissive lesser included offense to the charge, but found that the information "did not include any language stating that the touching was against the will of the victim." *Id.* at 964. The Third District based its decision on *Khianthalat II*, calling it "[t]he same situation" even though the victim in *Barnett* was under twelve. *Id.* Although *Barnett* does not discuss the issue of privilege, it is distinguishable from the present case for the reasons articulated in *Stoffel*. Moreover, the Third District stated that the defendant's argument focused on the "unlawful touching" language in the information, claiming that this language was broad enough to include battery. *Id.* Here, the argument made by Appellant is that the victims' age presumes they did not consent to the touch.

11

The fact that the trial court instructed the jury on the permissive lesser included offense of unnatural and lascivious act does not subject the issue to a harmless error analysis because "[t]he failure to instruct on the next immediate lesser-included offense, one step removed from the offense of conviction, constitutes per se reversible error." *Caruthers v. State*, 235 So. 3d 931, 933 (Fla. 4th DCA 2017). The offense of unnatural and lascivious act is a permissive lesser included offense of lewd or lascivious molestation, but battery is one step removed from the offense, whereas unnatural and lascivious act is two steps removed. *Sherrer v. State*, 898 So. 2d 260, 261 (Fla. 1st DCA 2005); Fla. Std. Jury Instr. (Crim.) 11.8. As a result, Appellant was entitled to the battery instruction with respect to the lewd or lascivious molestation counts, and "[t]he trial court was without discretion to rule otherwise." *Wong*, 212 So. 3d at 361 (citing *Khianthalat II*, 974 So. 2d at 361).

Because I would vacate the judgment of guilt and order a new trial on the lewd or lascivious molestation counts, I respectfully dissent from the panel's affirmance on this issue.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

12